UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK,
etc.,

       Plaintiff,

v.                           CASE NO.  8:09-CV-1841-T-17MAP

LARRY S. HYMAN, etc.,
et al.,

       Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 126   Amended Joint Pretrial Statement
Dkt. 127   Order
Dkt. 157   Motion to Strike Testimony
Dkt. 158   Notice
Dkt. 166   Response

Plaintiff Regions Bank moves to strike testimony proffered at trial as outside the
scope of the Pretrial Order and issues raised within Defendants' Affirmative Defenses.
Defendants oppose the Motion.


Defendants' Affirmative Defenses:


**First**: Claims have been satisfied in ABC Case No. 09-CA-02890.
Regions is now in possession of Aircraft at issue by virtue of the state
court's approval of the abandonment.  Defendants allege that the value of
the Aircraft at the time the Assignment was filed (as evidence by value
Regions reported to federal regulators) exceeded the Obligation to the
Bank, and as a result, Regions' claims against Defendants have been

Case No. 8:09-CV-1841-T-17MAP

satisfied.

**Second**: Defendants entitled to a setoff against or a credit equal to the fair market value of the Aircraft which has been abandoned to Regions pursuant to the ABC proceeding.  Defendants would show that Regions is now in possession of the Aircraft at issue by virtue of the state court's approval of the abandonment.  Defendants are entitled to a setoff or credit against Regions' claim in an amount equal to the value of the Aircraft.

**Third:** Defendants would show that Regions is estopped from asserting its claims against them.  Defendants would show that Regions is now in possession of the Aircraft  at issue by virtue of the abandonment in the ABC proceeding.  Defendants allege that the value of the Aircraft exceeds the Obligation to the Bank, and as a result, Regions is estopped from asserting its claims against Defendants.

**Fourth:** Defendants would show that Regions has failed to mitigate any damages by virtue of its failure to respond in a reasonable time to allow Defendants to lease the Aircraft and is therefore is estopped from seeking damages.  Defendants would show that, prior to any alleged default, G3 requested Regions' permission, pursuant to Section 6.08(e) of the Credit Agreement, to enter into a contractual arrangement to lease the Aircraft. Such a lease would have afforded significant profits to G3 and permit it to maintain its obligations to Regions and others.  Regions directed G3 to not enter into any lease agreements until such time as it approved the lease.  Over a period of several months, G3 repeated its requests to Regions and Regions told G3 it was continuing to consider the request. Ultimately, in August, 2009, Regions approved the request but by then, the G3's lessee, due to the lapse of time, refused to lease the Aircraft.  As a result of Regions' actions which denied it the ability to lease the Aircraft, G3 lost profits and future increased value which could have been used to satisfy the Obligation.

Defendants would show that Regions has failed to mitigate any damages by virtue of its failure to timely accept the abandonment of the Aircraft, and by filing unfounded objections to the same causing months of delay in which the value of the Aircraft may have decreased.  This caused the Aircraft to sit unused for ten (10) months while Regions' attorneys attempted to block the abandonment thereby generating unnecessary attorney's fees which it is now seeking to collect from Defendants.

Case No. 8:09-CV-1841-T-17MAP

**Fifth:** Defendants would show that Regions breached the Credit Agreement by failing to respond in a reasonable time to Defendants' proposal to lease the Aircraft and is therefore estopped from obtaining the relief it seeks.  Defendants would show that, prior to any alleged default, G3 requested Regions' permission, pursuant to Section 6.08(e) of the Credit Agreement, to enter into a contractual arrangement to lease the Aircraft.  Such a lease would have afforded significant profits to G3 and permit it to maintain its obligations to Regions and others.  Regions directed G3 to not enter into any lease agreements until such time as it approved the lease.  Over a period of several months, G3 repeated its requests to Regions and Regions told G3 it was continuing to consider the request.  Ultimately, in August, 2009, Regions approved the request but by then, the G3's lessee, due to the lapse of time, refused to lease the Aircraft.

**Sixth**:  Defendants would show that Regions acted with unclean hands and, accordingly, the Court should exercise its equitable jurisdiction to deny the relief sought by Regions.  Defendants would show that, prior to any alleged default, G3 requested Regions' permission, pursuant to Section 6.08(e) of the Credit Agreement, to enter into a contractual arrangement to lease the Aircraft.  Such a lease would have afforded significant profits to G3 and permit it to maintain its obligations to Regions and others.  Regions directed G3 to not enter into any lease agreements until such time as it approved the lease.  Over a period of several months, G3 repeated its requests to Regions and Regions told G3 it was continuing to consider the request.  Ultimately, in August, 2009, Regions approved the request but by then, the G3's lessee, due to the lapse of time, refused to lease the Aircraft.

**Seventh**: Defendants would show that Regions claims are barred in whole or in part by the doctrine of avoidable consequences.  Defendants would show that, prior to any alleged default, G3 requested Regions' permission, pursuant to Section 6.08(e) of the Credit Agreement, to enter into a contractual arrangement to lease the Aircraft.  Such a lease would have afforded significant profits to G3 and permit it to maintain its obligations to Regions and others.  Regions directed G3 to not enter into any lease agreements until such time as it approved the lease.  Over a period of several months, G3 repeated its requests to Regions and Regions told G3 it was continuing to consider the request.  Ultimately, in August, 2009, Regions approved the request but by then, the G3's lessee, due to the lapse of time, refused to lease the Aircraft.

Case No. 8:09-CV-1841-T-17MAP

**Eighth:** Defendants would show that Regions violated its statutory duty of good faith and fair dealing, and is therefore barred from pursuing claims against the Defendants. Defendants would show that, prior to any alleged default, G3 requested Regions' permission, pursuant to Section 6.08(e) of the Credit Agreement, to enter into a contractual arrangement to lease the Aircraft. Such a lease would have afforded significant profits to G3 and permit it to maintain its obligations to Regions and others. Regions directed G3 to not enter into any lease agreements until such time as it approved the lease. Over a period of several months, G3 repeated its requests to Regions and Regions told G3 it was continuing to consider the request. Ultimately, in August, 2009, Regions approved the request but by then, the G3's lessee, due to the lapse of time, refused to lease the Aircraft.

**Ninth:** Defendants would show that to the extent that the allegations of the Second Amended Complaint are inconsistent with the amount that have been paid to Regions to date, the defense of payment bars Regions' cause of action in whole or in part.

**Tenth:** Defendants would show that Regions' own contributory negligence in failing to respond in a reasonable time to allow Defendants to lease the Aircraft materially and adversely affect the ability of Defendants to perform under the loan agreement. Defendants would show that, prior to any alleged default, G3 requested Regions' permission, pursuant to Section 6.08(e) of the Credit Agreement, to enter into a contractual arrangement to lease the Aircraft. Such a lease would have afforded significant profits to G3 and permit it to maintain its obligations to Regions and others. Regions directed G3 to not enter into any lease agreements until such time as it approved the lease. Over a period of several months, G3 repeated its requests to Regions and Regions told G3 it was continuing to consider the request. Ultimately, in August, 2009, Regions approved the request but by then, the G3's lessee, due to the lapse of time, refused to lease the Aircraft.

**Eleventh:** Defendants would show that Regions has failed to satisfy all conditions precedent to the maintenance of this action.

**Twelfth:** Defendants would show that Regions does not have possession of the original Loan Documents, and therefore lacks standing to bring this cause of action.

Case No. 8:09-CV-1841-T-17MAP

The factual basis of Defenses 1, 2, 3 and part of 4 is the value of the Aircraft at the time that ownership was transferred to Regions Bank upon approval by the Hillsborough County Circuit Court in the ABC case.  The factual basis of Defenses 4, 5, 6, 7, 8 and 10 is Defendants' request to lease the Aircraft to third parties, for which Defendants requested permission from Regions Bank.  Defense 9 is based on payment, and Defense 11 is based on conditions precedent.  Defense 12, standing, was resolved and is not a disputed issue.

Fed. R. Civ. P. 15(b)(2) provides:

> **(2)** *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

The Court is required to allow amendment if any issue was tried by either express  or implied consent of the parties.  Borden, Inc. v. Florida East Coast Ry., 772 F.2d 750, 757-58 (11th Cir. 1985).  Where a party is aware of an issue before a pretrial conference, the failure to raise it there may be grounds for denying later amendment. Failure to object to evidence raising issues outside of the pleadings constitutes implied consent as long as the evidence is not relevant to issues already within the pleadings. International Harvester Credit Corp. v. East Coast Truck, 547 F.2d 888, 890 (5th Cir. 1977)(introduction of evidence relevant to an issue already in the case may not be used to show consent to trial of a new issue absent a clear indication that the party who introduced the evidence was attempting to raise a new issue).  The Court will not find implied consent where the nonmoving party would be prejudiced by the injection of a new issue.  Cioffe v. Morris, 676 F.2d 539, 541-42 (11th Cir. 1982).

Case No. 8:09-CV-1841-T-17MAP

The Court has reviewed the transcript of the final pretrial conference, and notes the provisions of the Pretrial Order.  The Court is aware that this case required three final pretrial conferences before the assigned Magistrate Judge entered a Pretrial Order.  The Court notes that this case is, relatively speaking, not a complex case, but it stood out in the perception of the assigned Magistrate Judge for the pointless consumption of judicial resources, far beyond that of other comparable civil cases. Over time, it becomes clear when conduct is intentional rather than inadvertent, and designed to obstruct the process of adjudication.

At trial, Plaintiff posed objections in order to limit the issues tried to those to which the parties  expressly consented.  The issues that the parties agreed to try by express consent are those stated within the Pretrial Order.

Plaintiff argues Defendants have attempted  to interject into trial testimony not relevant to any defense or issue identified in the Pretrial Statement and for the purpose of creating a record related to expanded issues/defenses in derogation of Expanded Issues/Defenses Preclusion, for example:

1.  whether Bank received a pecuniary benefit from Swap Agreement and the timing of the unwind of the Swap;

2.  the Borrower's turnover of its books and records to Bank at direction of assignee of Borrower, Larry S. Hyman, and the impact of same on the Borrower (Borrower's Books Issues);

3.  actions taken or not taken by the ultimate purchaser (the Buyer) of the Bank's collateral (the Aircraft) after purchase (the Post Sale Issues);

4.  the Buyer's principal being one of the Excluded Late Witnesses;

5.  hearsay testimony related to John Anthony's general communications regarding Bing Kearney to third parties occurring in 2012 (the 2012 Communications) and other issues( "Expanded Issues/Defenses

6

Case No. 8:09-CV-1841-T-17MAP

Objectionable Testimony).

Plaintiff Regions Bank further argues that Defendants sought to introduce issues
related to attorney/client privilege objections to Bank exhibits that were specifically
waived through the Overruled Evidentiary Objections (Overruled Evidentiary Objections
Objectionable Testimony). (Exh. A).  Plaintiff moves to strike the Objectionable
Testimony because it does not support the defenses preserved in the Pretrial
Statement as to mitigation, unclean hands or breach of contract relating to the claims
set forth by the Bank (Dkt. 126).

Defendants Kearney, Seeger and Harris oppose Plaintiff Regions Bank's Motion
to Strike.

The Court does not consider any of the testimony to be strongly relevant to any
issue the Court must adjudicate.  To the extent that the testimony which Plaintiff moves
to strike is not relevant to an issue already present in this case, and raises a new issue,
the Motion to Strike is **granted**.  To the extent that the testimony is in any way relevant
to an issue of fact or law that the parties agreed to try and included in the Amended
Joint Pretrial Stipulation,  the Motion to Strike is **denied**.  Accordingly, it is

**ORDERED** that the Motion to Strike is **granted** to the extent that the testimony is
not relevant to an issue already present in this case and raises a new issue, and
otherwise **denied**. (Dkt. 157).

Case No. 8:09-CV-1841-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
1st day of October, 2012, nunc pro tunc September 28, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

## OBJECTIONABLE TRIAL TESTIMONY SUBJECT OF MOTION TO STRIKE

| DAY | WITNESS | PAGE | LINES | PROHIBITED TRIAL ISSUES |
|---|---|---|---|---|
| 7/9/12 | Ciganek | 120 | 1-3 | Post Sale Issues |
| | Maxwell | 200 | 5-15 | Swap Agreement Issues |
| | Maxwell | 209 | 4-24 | Swap Agreement Issues |
| | Maxwell | 210 | 17-19 | Swap Agreement Issues |
| 7/10/12 | Anthony | 59<br>60 | 22-25<br>1 | Other actions – client to client |
| | Anthony | 93<br>94<br>95<br>96 | 18-25<br>1-25<br>1-25<br>1-2 | Borrower meeting requests |
| | Anthony | 97<br>98<br>99<br>100 | 22-25<br>1-25<br>1-25<br>1-25 | Other Cases |
| 7/12/12 | Kearney | 12 | 6-20 | Loan Sale Issues |
| | Kearney | 17<br>18 | 16-25<br>1-9 | Borrower's Books Issues |
| | Kearney | 32 | 14-20 | Bank Internal Issues |
| | Kearney | 36<br>37 | 11-25<br>1-4 | Borrower Bankruptcy Issues |
| | Kearney | 52 | 12-14 | Post Sale Issues |
| | Kearney | 55 | 14-19 | 2012 Comm Issues |
| | Kearney | 57<br>58<br>59 | 19-25<br>1-25<br>1-3 | 2012 Comm Issues |
| | Kearney | 62 | 3-9 | Post Sale Issues |
| | Kearney | 62<br>63<br>64 | 21-25<br>1-25<br>1-19 | Post Sale Issues |
| | Kearney | 65 | 2-15 | Deposition Issues |
| 7/17/12 | Reed | 16<br>17<br>17<br>18 | 20-25<br>1-3<br>18-25<br>1-5 | Borrower's Books Issues |
| | Reed | 29<br>30 | 14-25<br>1-4 | Borrower's Books Issues and Attorney/Client Objections |
| | Reed | 35<br>36 | 25<br>1-6 | Post Sale Issues |
| | Tufano | 215<br>216 | 18-25<br>1-6 | Swap Agreements |
| | Tufano | 221 | 7-23 | Bank Internal Issue |