UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK,

    Plaintiff,

v.                                     CASE NO. 8:09-cv-1841-T-17MAP

LARRY S. HYMAN, BING CHARLES
W. KEARNEY, JR., BRIAN SEEGER,
TRACY J. HARRIS, JR., and GREGORY
BENNETT,

    Defendants.
_____/

**ORDER**

    Two motions are before the Court, and both deal with continuing litigation over the Plaintiff's petition for attorneys fees: Defendants' motion to strike doc. 314, which is a supplement to Plaintiff's revised fee petition (the motion to strike is at doc. 329); and Plaintiff's motion to file a reply to the Defendants' response to the revised fee petition (the motion to file a reply is at doc. 326). After consideration, the first is granted and the second is denied.

    Faced with an insufficient fee petition (doc. 181), this Court directed the Plaintiff to file an amended petition that "summarizes the hours expended by the nature of the activity or stage of the case and the amount of time each attorney spent during that particular stage."[1]

---

[1] *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988), which I cited in the order, suggests such a format, noting that courts are often faced with inadequate fee applications. But aside from promoting this workable format, *Norman* also teaches two other points. Even if the fee petition lacks support, "the court is

*See* doc. 239. Accordingly, Plaintiff filed a revised fee petition which summarized the hours by task but omitted providing any information regarding the time each attorney spent on the task. *See* doc. 263. On the day the Defendants responded, the Plaintiff filed a "Notice of Filing of Document," which is the pleading the Defendants move to strike (*i.e.*, doc. 314). This notice attaches about 127 pages of billing sheets seemingly categorized by task or stage and is Plaintiff's attempt to supplement its second fee petition effort. Defendants, understandably, complain that all this comes too late. I agree. The second chance was enough; a third chance, which is what allowing the notice would give the Plaintiff, is one too many. *See* Local Rule 3.01(c). Accordingly, the motion to strike is granted.

The second motion at issue (doc. 326), Plaintiff's request to reply to the Defendants' answer, presents the same theme – one more attempt to have one more say. Contrary to the Plaintiff's comment that such motions are commonly allowed (*id.* at ¶ 4), motions for leave to file a reply are not typically granted. Indeed, replies or any other pleading directed to the motion are disfavored (*see* Local Rule 3.01(c), which requires leave of court before filing a reply; hence, the rule infers the practice should be sparingly considered). And contrary to Plaintiff's legal memorandum, the authority it cites, *JES Properties, Inc. v. USA Equestrian, Inc.*, 253 F. Supp. 2d 1273, 1274 (M.D. Fla. 2003), does not stand for the proposition that

---

not relieved of its obligation to award a reasonable fee," assuming an award is appropriate. *Id.* at 1303. And, the district court should be mindful of its neutrality and not depart from that position by coaching either party on the proper preparation of their pleadings. *Id.* 1303 n.2. Confronted with the issues discussed at the initial hearing on the Plaintiff's fee petition, my order directing Plaintiff to file a revised fee petition was aimed promoting Fed. R. Civ. P. 1's goals while not running afoul of *Norman*'s admonitions.

judges routinely allow such requests.  For all these reasons, it is therefore

ORDERED:

1.  The Defendants' motion to strike at doc. 329 is GRANTED, the Clerk is directed to strike Plaintiff's pleading at doc. 314.

2.  Plaintiff's motion for leave to file a reply (doc. 326) is DENIED.

DONE and ORDERED at Tampa, Florida on August 26, 2013.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE