## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

REGIONS BANK, an Alabama state chartered
bank, as successor in interest to AmSouth Bank,

     Plaintiff,

v.                                                          Case No. 8:09-cv-1841-T-17MAP

LARRY S. HYMAN, assignee for G3 TAMPA,
LLC, a Florida limited liability company,
BING CHARLES W. KEARNEY, JR.,
BRIAN SEEGER, TRACY J. HARRIS, JR.,
and GREGORY BENNETT,

     Defendants.

_____/

USAMERIBANK and PLATINUM BANK,

     Garnishees.

_____/

## REGIONS BANK'S MOTION FOR FINAL JUDGMENT IN GARNISHMENT
### (and incorporated memorandum of law)

Pursuant to Florida Statutes § 77.081, Federal Rule of Civil Procedure 52, 54, 58, and

other applicable law, Plaintiff, Regions Bank, an Alabama state chartered bank, as successor in

interest to AmSouth Bank ("the Bank"), by and through its undersigned counsel, hereby moves

on the following grounds for the entry of a final judgment in garnishment and against Bing

Charles Kearney, Jr. ("Bing"), Tonya Nuhfer Kearney ("Tonya"), Chase Kearney ("Chase"),

Clayton Kearney ("Clayton"), Bryan Kearney ("Bryan"), Carlie Kearney ("Carlie"),

USAmeriBank and Platinum Bank (together, the "Garnishees"), and states as follows:

## I.      BACKGROUND ALLEGATIONS

1.      On September 29, 2012, this Court entered its "Judgment In A Civil Case" (the

"Judgment") [Doc. No. 177] in favor of the Bank and against, inter alia, Larry Hyman as

Assignee of G3 Tampa, LLC (the "Borrower"), Tracy J. Harris, Jr. ("Harris"), Brian Seeger ("Seeger"), and Bing, collectively referred to herein as the "Judgment Debtors." The Judgment is on appeal with the Eleventh Circuit Court of Appeals; however, no stay has been requested or imposed.

2.      There still remains due and unpaid on the Judgment against Bing the sum of $3,407,620.35 (the "Unpaid Judgment Amount"). Interest has and will continue to accrue, as set forth in the Judgment, on the Unpaid Judgment Amount, all of which remains due and unpaid.

3.      On October 26, 2012, the Bank filed ex parte motions for issuance of writs of garnishment as to five garnishees: Wells Fargo, USAmeriBank, Platinum Bank, Bank of America, and the Bank of Tampa, three of which were issued by the Court on May 17, 2013 (Wells Fargo, USAmeriBank, and Bank of Tampa).

4.      On May 17, 2013, Wells Fargo, USAmeriBank, and Bank of Tampa were served with the Writs of Garnishment.

5.      On May 23, 2013, USAmeriBank answered the writ (the "USAmeriBank Writ") and informed the Court that it was indebted to Bing in the amount of $700,022.29 (the "USAmeriBank Funds"). The additional garnishments resulted in the freezing of funds totaling approximately $13,500, held by Platinum Bank (the "Platinum Bank Writ").

6.      The Garnishees are entitled to receive the $100.00 deposited into the Registry of the Court since the Garnishees retained counsel to file answers.

7.      On June 3, 2013, Bing filed a "Claim of Exemption and Request for Hearing" (the "Claim of Exemption") [Doc. 218].

8.      On June 11, 2013, the Court issued a Writ of Garnishment as to Bank of America and Platinum Bank, which were served with the Writs on June 11, 2013.

9.     On June 18, 2013, Bing filed a "Motion to Dissolve Writs" (the "Motion to Dissolve") [Doc. 255] directed to writs of garnishment served by the Bank on, inter alia, the Garnishees.

10.     On July 3, 2013, Bing, Tonya, and Clayton each filed their respective affidavits in support of the Motion to Dissolve [Docs. 266, 267, and 268, respectively].

11.     On July 8, 2013, Magistrate Judge Pizzo conducted an evidentiary hearing to consider Bing's Motion to Dissolve and Claim of Exemption.

12.     By Order dated July 9, 2013 [Doc. 285], this Court referred the Motion to Dissolve to Magistrate Judge Pizzo for report and recommendation.

13.     On July 10, 2013, the Bank filed its Motion to Reopen Evidence [Doc. 288], due to the failure to produce and withholding of relevant evidence in discovery (specifically, the signature cards evidencing the ownership of the subject bank accounts as "joint" rather than as tenants by the entireties), which was granted.

14.     On August 19, 2013, the Bank filed its Amended Status Report as to Writs of Garnishment, stating that only the Platinum Bank and USAmeriBank Writs of Garnishment are at issue as to Bing.

15.     On August 20, 2013, Magistrate Judge Pizzo conducted the reopened hearing and took additional evidence from all parties as to the issues presented by the Motion to Dissolve.

16.     On October 18, 2013, Magistrate Judge Pizzo issued the Report and Recommendation, recommending that Bing's Motion to Dissolve be granted.

17.     On October 30, 2013, the Bank timely objected to the Report and Recommendation (the "Bank Objection").   The Report and Recommendation and Bank Objection are currently before this Court.

18.     On November 6, 2013, the Bank timely filed its "Notice of Extension of Writ of Garnishment as to USAmeriBank" in order to extend the validity of the USAmeriBank Writ for another six (6) months, to May 6, 2014.

19.     On November 12, 2013, the Bank timely filed its "Notice of Extension of Writ of Garnishment as to Platinum Bank" in order to extend the validity of the Platinum Bank Writ for another six (6) months, to May 15, 2014.

## II.     ARGUMENT

### A.  USAmeriBank Account #056 Disputed as Tenancy by the Entireties

20.     There are six (6) accounts subject to the USAmeriBank Writ (the "Kearney Accounts"), to which Bing filed the Claim of Exemption due to the "tenancy by the entireties" status of the accounts.  However, only one account, #056, is held jointly by Bing and his wife, Tonya, together referred to herein as the "Kearneys."

21.     Bing contends that the Kearneys intended to open Account #056 (the "Money Market Account") as a tenancy by the entireties account.  The face of the Money Market Account signature card, attached hereto as Exhibit "A," is abundantly clear – and beyond any credible dispute or alternate 'interpretation' – that Tonya and Bing both selected and initialed the box marked "Multiple Party Account."  By doing so, they both expressly disclaimed the available option of "Multiple-Party Account – Tenancy by the Entireties."

22.     As a matter of law, a party who signs an instrument is presumed to know its contents because they are charged with the duty to know before they sign the instrument.  See Wexler v. Rich, 80 So. 3d 1097, 1100-01 (Fla. 4th DCA 2012); Citibank N.A. v. Dalessio, 756 F. Supp. 2d 1361, 1367 (M.D. Fla. 2010).  Further, Florida law is clear that a bank has absolutely no obligation to advise customers as to their choice of account; rather a bank's obligation is only to give the customers the option to choose.  Wexler, 80 So. 3d at 1101.

4

Therefore, although Bing alleged that he could not see the signature card because he was not wearing his eyeglasses, Bing had the <u>duty</u> to know the contents of the signature card before signing it and is presumed to know the contents once he has signed it.  See <u>Dalessio</u>, 756 F. Supp. 2d at 1367-68; <u>Swift v. North American Co. for Life and Health Ins.</u>, 677 F. Supp. 1145, 1150 (S.D. Fla. 1997) (Applying this duty to illiterate persons as they are deemed negligent if they fail to have the contract read to them).  Further, any reported reliance on alleged oral representations by USAmeriBank, which vary from the express terms of the signature cards, are unreasonable as a matter of law.  See <u>Dalessio</u>, 756 F. Supp. 2d at 1368 (citing <u>Linville v. Ginn Real Estate Co., LLC</u>, 697 F. Supp. 2d 1302, 1308 (M.D. Fla. 2010)).  Thus, any argument that Bing did not understand the signature card or was unable to read the signature card fails as a matter of law.

23.    Further, Tonya signed and initialed the signature card of the Money Market Account, as well, with the clear understanding of the distinction between the choices of accounts and the significance of the designation of "tenants by the entireties" as she had been trained as to the meaning of tenants by the entireties (hereinafter referred to as "TBE") in obtaining her real estate license.  (Tonya Depo. Tr. p. 30, lines 7-16, a copy of which is attached hereto as Exhibit "B").

24.    The Money Market Account is solely funded by two (2) checks, one being an IRS refund check, and the other a distribution from Star 103, Inc.  At the time the Money Market Account was opened, and the funds deposited, it was held in the names of three adults: Bing, Tonya, and Chase.  A copy of the signature card for the Money Market Account executed by Bing, Tonya, and Chase is attached hereto as Exhibit "C."  Chase was subsequently removed from the account in 2010.  This point is more than significant because their decision to open the account in the names of three adults as a multiple party account and deposit the checks destroys

the requisite unities necessary for TBE ownership.  Fundamentally, an account can only be held as TBE if it is "established by <u>husband</u> <u>and</u> <u>wife</u> in accordance with the unities of possession, interest, title, and time and with right of survivorship."  <u>Beal Bank, SSB v. Almand & Assoc.</u>, 780 So. 2d 45, 60 (2001) (emphasis added).  "The operative date for establishing ownership of a financial account is the date on which the account is opened or established."  <u>In re Caliri</u>, 347 B.R. 788, 798 (Bankr. M.D. Fla. 2008) (citing <u>Beal Bank</u>, 780 So. 2d at 58); <u>see</u> <u>also</u> <u>In re</u> <u>Aranda</u>, 2011 WL 87237, at *2 (Bankr. S.D. Fla. Jan. 10, 2011).  Therefore, the Money Market Account, lacking the initial necessary unities required to establish a TBE account due to the lack, <u>inter</u> <u>alia</u>, of the unity of marriage of all the account holders at the time the account was opened, simply cannot be TBE.  <u>Id.</u>

25.    Equally dispositive of any claim that the Money Market Account was intended to be held as TBE is the fact that Bing and Tonya had the affirmative option of selecting a TBE account when they opened the Money Market Account at USAmeriBank.  However, by operation of law, Bing and Tonya expressly disclaimed a TBE type of account when they affirmatively selected the option of designating the Money Market account as a multiple party account with rights of survivorship rather than the available alternative of TBE.  If the signature card provides an option for a TBE type of account, and this option is not selected, the garnished funds are <u>de jure</u>, absent a showing of fraud, not held as TBE.  <u>See</u> <u>Beal Bank</u>, 780 So. 2d at 60; <u>Wexler</u>, 80 So. 3d at 1100; <u>Mathews v. Cohen</u>, 352 B.R. 526, 531 (Bankr. M.D. Fla. 2007).  Specifically, not only does Bing and Tonya's express disclaimer preclude a presumption that the funds are held as TBE, the express disclaimer, absent fraud, <u>completely ends the inquiry</u> as to whether a TBE was intended. <u>Beal Bank</u>, 780 So. 2d at 61.  Only when the debtor establishes that a bank expressly precluded or did not offer a TBE form of account is the debtor allowed to prove intent.  <u>Id.</u>   Bing cannot make the threshold showing that USAmeriBank expressly

precluded or did not offer a TBE option as to the Money Market Account since the signature card clearly provides for that option.

26.     Subsequent cases further elaborate <u>Beal Bank</u> and clarify what is meant for account holders to make an "express disclaimer" of TBE.  In a case on point in this jurisdiction, the court held that where a signature card set forth the options of "Multiple-Party Account with Right of Survivorship" and "Tenancy by the Entirety," <u>inter alia</u>, an express disclaimer occurred and ended the court's inquiry into the type of ownership of the account.  <u>In re Stephenson</u>, 2012 WL 4896725, at *3 (Bankr. M.D. Fla. Oct. 4, 2012).  The facts in <u>Stephenson</u> are precisely those of the instant case, as an option for TBE ownership was available, yet the court in <u>Stephenson</u> refused to even inquire into extrinsic evidence.

27.     In a case involving the type of ownership of a stock certificate, the court held "selection of another form of ownership on the back of a certificate is not an express disclaimer <u>unless</u> the documentation affirmatively provides the debtor with an option to select tenancy by the entireties." <u>In re Mathews</u>, 382 B.R. at 532.  In <u>Mathews</u>, the certificate did not provide the option of TBE, thus no express disclaimer occurred.  <u>Id.</u>  Additionally, where a bank expressly informed a married couple that a TBE account was not an option, no express disclaimer occurred when the account was owned as a "Multi-Party Account."  <u>In re Aranda</u>, 2011 WL 87237, at *4 (Bankr. S.D. Fla. Jan. 10, 2011).

28.     Bing may argue that <u>Beal Bank</u> was superseded by <u>Florida Statute</u> § 655.79 and that this statute somehow alters the legal effect of <u>Wexler</u> and <u>Beal Bank</u> with regard to the signature cards.  Section 655.79 was only amended to include the language suggested by <u>Beal Bank</u>, specifically, "[a]ny deposit or account made in the name of two persons who are husband and wife shall be considered a tenancy by the entirety <u>unless otherwise specified in writing</u>." (emphasis added).  The legislative history of § 655.79 confirms that it was amended "in

conformance to the Florida Supreme Court's recommendation that the section be clarified.  See Beal Bank v. Almand and Associates, 780 So. 2d 45."  Fla. Staff An., H.B. 343, March 11, 2008.  Thus, the findings under Beal Bank are unchanged and remain effective, despite the amendment of Florida Statute § 655.79.

29.     Therefore, Bing and Tonya expressly disclaimed a TBE account, which, according to Beal Bank, ends the inquiry completely and the Court should not consider extrinsic evidence of intent.

30.     Nevertheless, if the Court were to consider extrinsic evidence of the Kearneys' intent, Bing failed to meet his burden of proving by a preponderance of the evidence that the Money Market Account was intended by both he and Tonya to be opened as a TBE account. This burden cannot be met solely through the testimony of Bing at the August 20, 2013 hearing. See Pereau v. Abbott, 2008 WL 2074412, at *3 (M.D. Fla. May 15, 2008) (holding that the burden of proof is not met solely by a debtor's testimony at the hearing on the objection to the claimed exemption).   "Rather a debtor must provide a quantum of documentary proof establishing that an entireties estate was intended to be created when the personalty was acquired."  Id.  Because the only admissible evidence at the August 20, 2013 hearing was Bing's self-serving testimony, the "quantum of documentary proof" requirement, and therefore the burden of proof requirement, is far from satisfied.

31.     Furthermore, at the August 20, 2013 hearing, Bing testified that he was on the board of Platinum Bank (Trial Tr. p. 67, lines 17-18, a copy of which is attached hereto as Exhibit "D") and that he clearly understood the meaning of "tenancy by the entireties" at the time they opened the Money Market Account in 2010 (Trial Tr. p. 68, lines 2-5, a copy of which is attached hereto as Exhibit "E"), having received asset protection advice from his legal counsel regarding the significance of that form of ownership from an asset protection standpoint (Trial

Tr. p. 46, lines 7-14, a copy of which is attached hereto as Exhibit "F").   Bing knew the significance of a TBE account, but nevertheless initially opened the Money Market Account with Chase and thereafter elected a non-TBE form of account.   Bing cannot now, as Wexler admonishes, be heard to claim some contrary intent.

32.     As to Bing's supplemental argument regarding his attempt to open a new account at USAmeriBank on July 8, 2013, the Court must consider the relevancy and admissibility of this type of evidence under Federal Rule of Evidence 406.   Given that this subsequent event has no bearing on Bing and Tonya's intent when they opened the Money Market Account in 2010 and given that this single occurrence cannot constitute "habit" evidence, this point merits little, if any, attention.   See G.M. Brod. & Co., Inc. v. U.S. Home Corp., 759 F.2d 1526, 1533 (11th Cir. 1985) (while there is no precise formula for determining when a practice becomes so consistent as to rise to the level of routine, adequacy of sampling and uniformity of response are controlling conditions).   In that case, the G.M. Brod. court held that a party's testimony about specific instances of conduct within his personal experience, when considering U.S. Homes' contractual dealings with thousands of small contractors, with varying contracts, fell far short of the adequacy of sampling and uniformity of response required.   That is the case here and this self-serving "subsequent event" has no bearing on the issues before the Court.

33.     Moreover, not only is this evidence not admissible, it is conflicting at best.   While Tonya claims that she initially expressed her desire to open a TBE account to the Yasmin Tolzman, Ms. Tolzman denied that assertion in her deposition and again at the August 20, 2013 hearing (Y. Tolzman Depo. Tr., p. 11, lines 7-23, p. 21, lines 12-25, p. 41, lines 7-13, a copy of which is attached hereto as Exhibit "G;") (Trial Tr., p. 97, lines 4-11, a copy of which is attached hereto as Exhibit "H").   Further, Bing argues that the second signature card prepared by Ms. Tolzman was "incorrect," suggesting that USAmeriBank has a habit of generating incorrect

9

signature cards.  However, this is untrue, as Cami Gibertini, a branch manager at USAmeriBank, testified that the second signature card was technically correct and simply had an extra box checked, which had no bearing on the adequacy of the signature card.  (Gibertini Depo Tr., p. 103, line 18 – p. 104, line 10, a copy of which is attached hereto as Exhibit "I").  In any event, this occurrence does not constitute a sufficient number of occurrences to establish any kind of corporate "habit" or routine practice.  See G.M. Brod., 759 F.2d 1526.

### B.      Bing's Ownership Interest in USAmeriBank Accounts #020, #302, and #939

34.      Accounts #020 and #302 are titled in the names of Bing, Clayton, and Chase. Importantly, Clayton did not appear, much less offer any testimony at the August 20, 2013 hearing to substantiate his assertions of ownership.  In Bing's Affidavit [Doc. 266], he states that Clayton is the true owner of these accounts. Clayton mirrors this assertion in his own Affidavit [Doc. 270].  However, the Bank objected to these affidavits as hearsay during the July 8, 2013 hearing and upon further review of the bank statements for accounts #020 and #302, it is evident that some contentions in Bing's and Clayton's Affidavits are false and even appear to conflict with each other.

35.      For example, Clayton's Affidavit states, "…none of the funds in the accounts [#020 and #302] have ever been used to pay any of Bing Kearney's expenses" [Doc. 270-2, page ID 4129].  However, Bing admitted under cross-examination at the August 20, 2013 hearing that he wrote a $500,000 check to the U.S. Department of Treasury for Bing's own personal tax liability.  (Trial Tr. p. 181, lines 5-15).  Clayton also asserts that he has exclusively funded these accounts [Doc. 270-3, page ID 4130].  However, the bank statement for Clayton's alleged account #302 dated December 9, 2012 evidences a transfer of $20,000 from account #129, Bing's own "Personal Savings Account" according to Bing's Affidavit.

36.     Furthermore, Clayton's Affidavit states, "I receive the bank statements and sign most of my checks to pay my own bills" [Doc. 270-2, page ID 4129], while Bing's Affidavit conversely states, "All bank statements go directly to a bookkeeper who helps him manage the account" [Doc. 266, page ID 4099].   The "bookkeeper" referred to is Amber Proctor, an employee of Bing's.   Ms. Gibertini testified that Amber was responsible for controlling the movement of funds for all of the Kearney Accounts.   (Trial Tr., p. 146, lines 2-10).   The fact that the Affidavits state differing assertions as to who receives the bank statements and that Clayton is solely in control of these accounts demonstrates a further and consistent lack of credibility. Moreover, the fact that Bing's own employee handles Clayton's accounts indicates an intermingling of control and ownership of these accounts.

37.     Account #939 is titled in the names of Bing and Bryan.   Bing merely makes a conclusory statement in his Affidavit as to account #939 that "Bryan G. Kearney is my brother and the true owner of the account."   Notably, Bryan did not appear or testify at the August 20, 2013 hearing, nor did he file an affidavit claiming ownership of these funds, as required under Florida Statutes § 77.16(1), which states:

> If any person other than defendant claims that the debt due by a garnishee is due to that person and not to defendant, or that the property in the hands or possession of any garnishee is that person's property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless a jury is waived.

(emphasis added).

38.     Put simply, based on the evidence presented, all of the foregoing accounts are garnishable in the total amount of funds on-hand because Bing failed to meet his burden of proving entitlement to any exemption.   When a judgment debtor claims an exemption of funds against garnishment, the judgment debtor has the burden of proof that he or she is entitled to that

exemption.  Cole v. American Capital Partners Ltd., Inc., 2010 WL 114890 at *4 (S.D. Fla. Jan. 12, 2010); Bernal v. All American Realty, Inc., 2009 WL 586010, at *5 (S.D. Fla. Mar. 6, 2009). Furthermore, "property held as joint tenants may be attached by the creditor of one of the joint tenants in order to satisfy the debt of the co-tenant." Cole, 2010 WL 114890 at *5.  There is a presumption that funds on deposit in a financial institution belong to the person named on the account.  Bernal, 2009 WL 586010 at *4.  However, this presumption may be rebutted upon a sufficient showing of the account holders.  Cole, 2010 WL 114890 at 5; Postnet Int'l Franchise Corp. v. R&B Central Enters., Inc., 2009 WL 453413, at *3 (M.D. Fla. Feb. 23, 2009).

39.     In the instant case, the account holders have not made a sufficient showing to rebut the presumption that the Kearney Accounts belong solely to Bing, as outlined above.  Even if the Court determines that the other account holders have somehow demonstrated a sufficient showing as to their ownership, the Bank has refuted such evidence by submitting bank statements and testimony that demonstrate Bing's complete control over all of the Kearney Accounts.  The account statements and signature cards concerning all of the Kearney Accounts establish that Bing had the individual right to withdraw the funds held in the accounts, and therefore assert complete and total control over such accounts.  See McKenna v. Foley, 2009 WL 275419, at *2 (M.D. Fla. Feb. 3, 2009) (finding that the defendant failed to meet his burden to establish his right to an exemption and that he had the individual right to withdraw the funds held in the account, and therefore asserted complete and total control over the funds).

**C.     USAmeriBank Accounts #695 and #129 Disputed as Tenancy by the Entireties**

40.     It is apparent from the respective signature cards of accounts #695 and #129 that these accounts are titled in the names of Bing, Tonya, Chase, and Clayton, the latter two owners being the sons of Bing.  The signature cards for accounts #695 and #129 are attached hereto as Exhibit "J" and Exhibit "K," respectively.  The Kearneys assert that they intended accounts

#695 and #129 to be owned as TBE in their respective affidavits [Docs. 266-3, page ID 4108 and Doc. 267-4, page ID 4099].  However, these accounts clearly cannot be held as TBE, as they are titled in the names of more people than just the "entireties."  See Beal Bank, 780 So. 2d at 52-53 ("Although only a married couple is legally entitled to hold property as a tenancy by the entireties, a married couple may also hold property jointly as tenants in common or as joint tenants with right of survivorship"); and Quick v. Leatherman, 96 So. 2d 136, 138 (1957) ("An estate by the entirety is a peculiar type of tenancy enjoyable only by a husband and wife").  There can be no conceivable or credible "understanding" or "intent" that accounts #695 and #129 could have ever been held by the Kearney's as TBE, especially given Bing and Tonya's training, education and counseling concerning the specifics of TBE.  Just as with the Money Market Account, the signature cards for these accounts clearly indicate that they are held as "Multiple Party Account[s]" and not as TBE.  Counsel for Bing even stated at the August 20, 2013 hearing that "this was obviously not an entireties account, it was set up with additional signatories" referring to account #695 (Trial Tr., p. 40, lines 5-6, attached hereto as Exhibit "L"). Therefore, the funds garnished in accounts #695 and #129 are not subject to a claim of exemption because these accounts are not titled as TBE.

### D.  Bing's Ownership Interest in the Platinum Bank Accounts

41.     Bing is listed as an owner on four (4) accounts at Platinum Bank (the "Platinum Bank Accounts"): (1) #6601 in the names of Bing and Clayton; (2) #7920 in the names of Bing and Clayton; (3) #3201 in the names of Bing and Bryan; and (4) #2401 in the names of Bing and Carlie.

42.     Dispositive of any claim of ownership, neither Bryan nor Carlie filed any affidavits asserting true ownership of the referenced Platinum Bank Accounts, as required by Florida Statutes § 77.16(1) in order to claim an interest in garnished funds.  Bing was the only

account owner to offer testimony as to any of the Platinum Bank Accounts at the August 20, 2013 hearing and he only testified as to the account with Carlie listed as a joint account holder, #2401.  However, Bing's self-serving testimony, being the sole evidence as to account #2401, is insufficient to meet the burden to establish by a preponderance of the evidence that the garnished funds belong to both people named on the account.  See Bernal, 2009 WL 586010 at *4; Cole, 2010 WL 114890 at *5; and Postnet Int'l Franchise Corp., 2009 WL 453413, at *3.  This is especially true as to the account listing Bryan Kearney as a joint account owner, account #3201, because no affidavit was filed, nor was any testimony given regarding this account.  Therefore, Bing's argument that he was not the true owner of account #3201, cannot be credited since absolutely no contrary evidence was offered.

43.     Further, with respect to the accounts in the names of Bing and Clayton, it has already been shown with the USAmeriBank accounts that, despite affidavits to the contrary, Bing and Clayton have comingled their funds in the past and their after-the-fact sworn assertions lack any credibility.  When a judgment debtor claims an exemption of funds against garnishment, the judgment debtor has the burden of proof that he or she is entitled to that exemption.  Cole, 2010 WL 114890 at *4.  Bing has not met his burden to prove that he is entitled to any exemption as to any of the garnished accounts.

44.     Therefore, pursuant to Florida Statutes § 77.081, and other applicable law, the Bank seeks the entry of a final judgment in its favor and against the Garnishees for all sums withheld, in an amount up to the Unpaid Judgment Amount.

45.     Alternatively, and solely in an abundance of caution, while the Bank maintains that the filing of this motion obviates any automatic dissolution under Section 77.07(5), the Bank request the Court enter an order further extending the validity and enforceability of the

USAmeriBank Writ and the Platinum Bank Writ for an additional time period, through and including a date 30 days from the date of entry of a final order on the Motion to Dissolve.

WHEREFORE, the Bank requests this Court grant its motion, taxing costs against Bing, and enter a Final Judgment in Garnishment ordering the Garnishees to pay to the Bank all sums withheld, up to the Unpaid Judgment Amount, including all accrued interest at the prevailing legal rate of interest; and that the $100.00 in the Registry of the Court be released to the Garnishees as set forth above, or in the alternative, extend the validity of the USAmeriBank Writ and the Platinum Bank Writ, pursuant to Florida Statutes § 77.07(5), pending adjudication of the Motion to Dissolve, and for any other relief this Court finds appropriate.

/s/ Edmund S. Whitson, III
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**EDMUND S. WHITSON, III, ESQUIRE**
Florida Bar Number:  0897272
ewhitson@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813-273-5616
Telecopier:  813-221-4113
Attorneys for Plaintiff, Regions Bank

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via electronic means and/or by U.S. mail on the 2nd day of May, 2014, to the following:

Jesse Ray, Esq.
Jesse Lee Ray Attorney at Law, P.A.
13014 N. Dale Mabry Hwy. #315
Tampa, FL  33618-2808

Michael C. Addison, Esq.
Addison & Howard, P.A.
400 N. Tampa St., Suite 1100
Tampa, Florida 33602
howard@mcalaw.net

Brian Seeger
450 Knights Run Avenue
Tampa, FL 33602

Bryan Kearney
1215 E 6th Avenue
Tampa, FL 33605

Clayton Kearney
1173 Shipwatch Circle
Tampa, FL 33602

Chase Kearney
911 Seddon Cove Way
Tampa, FL 33602

Herbert R. Donica, Esq.
DONICA LAW GROUP, P.A.
106 S. Tampania Ave., Suite 250
Tampa, FL  33609

Vanessa  Goodwin, Esq.
101 East Kennedy Boulevard, Suite 2800
Tampa, FL 33602
lfriedman@slk-law.com

Brian J. Knowles, Esq.
Straughn & Turner, P.A.
255 Magnolia Avenue, SW
Winter Haven, FL 33880
bknowles@stslawyers.com

Tracy Harris, Jr.
5401 Aloha Drive
Saint Petersburg, FL 33736

Bing Charles W. Kearney
911 Seddon Cove Way
Tampa, FL 33602

Tonya Nuhfer Kearney
911 Seddon Cove Way
Tampa, FL 33602


/s/ Edmund S. Whitson, III
**ATTORNEY**

# Exhibit "A"

USAmeriBank
113 E Whiting ST
Tampa, FL 33602

Member FDIC

| ACCOUNT NUMBER | 056 |
|---|---|

**ACCOUNT OWNER(S) NAME & ADDRESS**

BING KEARNEY Jr.
TONYA NUHFER-KEARNEY
911 SEDDON COVE WAY
TAMPA, FL 33602-0000

**OWNERSHIP OF ACCOUNT - CONSUMER PURPOSE** (Select one and initial):

- [ ] _____ Single-Party Account   [X] _____ Multiple-Party Account
- [ ] _____ Multiple-Party Account - Tenancy by the Entireties
- [ ] _____ Trust-Separate Agreement Dated: _____
- [ ] _____

**RIGHTS AT DEATH** (Select one and initial):

- [ ] _____ Single-Party Account
- [ ] _____ Single-Party Account With Pay-on-Death Designation (name beneficiaries below)
- [X] _____ Multiple-Party Account With Right of Survivorship
- [ ] _____ Multiple-Party Account With Right of Survivorship and Pay-on-Death Designation (name beneficiaries below)
- [ ] _____ Multiple-Party Account Without Right of Survivorship

**NAME OR NAMES OF BENEFICIARIES:**

| TYPE OF ACCOUNT | |
|---|---|
| [X] NEW | [ ] EXISTING |
| [ ] CHECKING | [ ] SAVINGS |
| [X] MONEY MARKET | [ ] CERTIFICATE OF DEPOSIT |
| [ ] NOW | |

This is your (check one):
[X] Permanent   [ ] Temporary   account agreement.

**Personal Money Market**
Number of signatures required for withdrawal  1
FACSIMILE SIGNATURE(S) ALLOWED?  [ ] YES   [X] NO

X _____

SIGNATURE(S) - The undersigned certifies the accuracy of the information he/she has provided and acknowledges receipt of a completed copy of this form. The undersigned authorizes the financial institution to verify credit and employment history and/or have a credit reporting agency prepare a credit report on the undersigned, as individuals. The undersigned also acknowledge the receipt of a copy and agree to the terms of the following agreement(s) and/or disclosure(s):

[X] Terms & Conditions   [X] Truth in Savings   [X] Funds Availability
[X] Electronic Fund Transfers   [X] Privacy   [X] Substitute Checks
[ ] Common Features   [ ] _____

**OWNERSHIP OF ACCOUNT - BUSINESS PURPOSE**

- [ ] SOLE PROPRIETORSHIP   [ ] PARTNERSHIP
- [ ] CORPORATION:   [ ] FOR PROFIT   [ ] NOT FOR PROFIT
- [ ] LIMITED LIABILITY COMPANY
- [ ] _____

BUSINESS: _____
COUNTY & STATE OF ORGANIZATION: _____
AUTHORIZATION DATED: _____

(1): X _____
    BING KEARNEY Jr.

I.D. #  Redacted          D.O.B.  Redacted

(2): X _____
    TONYA NUHFER-KEARNEY

I.D. #  Redacted          D.O.B.  Redacted

DATE OPENED  12/01/2010   BY  Kyle Berry - DT   TAMPA
INITIAL DEPOSIT $ 1,135,516.00   [ ] CASH   [X] CK
HOME TELEPHONE # _____
BUSINESS PHONE # _____
E-MAIL _____
EMPLOYER  SELF EMPLOYED
Name and address of someone who will always know your location:
_____
_____

(3): X _____

I.D. # _____          D.O.B. _____

**BACKUP WITHHOLDING CERTIFICATIONS**

TIN:  Redacted _____
[X] TAXPAYER I.D. NUMBER - The Taxpayer Identification Number shown above (TIN) is my correct taxpayer identification number.

[X] BACKUP WITHHOLDING - I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

[ ] EXEMPT RECIPIENTS - I am an exempt recipient under the Internal Revenue Service Regulations.

SIGNATURE: I certify under penalties of perjury the statements checked in this section and that I am a U.S. citizen or other U.S. person (as defined in the instructions).

X _____                              12/01/2010
   BING KEARNEY Jr.                  (Date)

(4): X _____

I.D. # _____          D.O.B. _____

[ ] Convenience Account Agent (Single-Party Account)

SCANNED

X _____

I.D. # _____          D.O.B. _____

# Exhibit "B"

1

```
 1          IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF FLORIDA
 2                    TAMPA DIVISION

 3
    REGIONS BANK, an Alabama state
 4  Chartered bank, as successor-
    In-interest to AmSouth Bank,
 5                                    CASE NO:
       Plaintiff,           8:09-cv-1841-T-17MAP
 6
    Vs.
 7
    LARRY S. HYMAN, assignee for
 8  G3 TAMPA, LLC, a Florida limited
    Liability company, BING CHARLES
 9  W. KEARNEY, JR., BRIAN SEEGER,
    TRACY J. HARRIS, JR., and
10  GREGORY BENNETT,

11     Defendants.
    _____/
12

13
       DEPOSITION OF:         TONYA NUHFER-KEARNEY
14
       TAKEN:                 Pursuant to Notice by
15                            Counsel for Plaintiff

16     PLACE:                 Addison & Howard, P.A.
                              400 North Tampa Street
17                            Suite 1100
                              Tampa, Florida  33602
18
       DATE:                  August 17, 2013
19
       TIME:                  8:30 a.m.
20
       REPORTED BY:           Chere J. Barton
21                            Notary Public
                              State of Florida at Large
22

23     _____

               REGENCY REPORTING SERVICE, INC.
24              Courthouse Plaza, Suite 103
                  625 East Twiggs Street
25               Tampa, Florida  33602
                    (813)224-0224
```

2

```
 1   APPEARANCES:

 2
        EDMUND S. WHITSON, III, ESQUIRE
 3      MEGAN MARLOW, ESQUIRE
        Anthony & Partners, LLC
 4      201 North Franklin Street
        Suite 2800
 5      Tampa, Florida  33602

 6          Appeared for Plaintiff

 7

 8      MICHAEL C. ADDISON, ESQUIRE
        Addison & Howard, P.A.
 9      400 North Tampa Street
        Suite 1100
10      Tampa, Florida  33602

11          Appeared for Bing Charles W. Kearney, Jr.

12

13
     ALSO PRESENT:  Bing Charles W. Kearney, Jr.
14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                              I N D E X
                                                        Page
2
    EXAMINATION BY MR. WHITSON                            5
3
    ERRATA SHEET                                          43
4
    CERTIFICATE OF REPORTER                               44
5
    CERTIFICATE OF OATH                                   45
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                       INDEX OF EXHIBITS

                                                       Page
2
   Plaintiff's Exhibit No. 1                       7
3  (Affidavit of Tonya Kearney)

4  Plaintiff's Exhibit No. 2                      17
   (Signature Card, 7822)
5
   Plaintiff's Exhibit No. 3                      22
6  (Signature Card, 7822)

7  Plaintiff's Exhibit No. 4                      27
   (Signature Card, 7822)
8
   CONFIDENTIAL Plaintiff's Exhibit No. 5         31
9  (Postnuptial Agreement)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    any individual creditor.

2       Q.  That's pretty good.

3            MR. WHITSON:  I think Mr. Addison is very

4       fond of the phrase that very few lawyers in town

5       even know that much about tenants by the entireties.

6       A.  I'm a broker.

7       Q.  So were you familiar with the phrase tenants by

8    the entireties before the garnishment occurred?

9       A.  Yes.

10      Q.  And is that something that's taught in real

11   estate classes?

12      A.  Yes.

13      Q.  So in getting your sales associate license did

14   they teach you about tenants by the entireties at that

15   time?

16      A.  Yes.

17      Q.  And how is that important in the real estate

18   field, tenants by the entireties, I should be clear?

19      A.  I'm not sure.

20      Q.  You're just told it's important?

21      A.  Uh-huh.

22      Q.  That's probably enough.

23           So in the real estate classes you took, was it

24   emphasized that to protect a husband and wife from the

25   creditors -- of individual creditors that ownership had

# Exhibit "C"

USAmeriBank
113 E Whiting ST
Tampa, FL 33602

Member FDIC

**OWNERSHIP OF ACCOUNT - CONSUMER PURPOSE** (Select one and initial)

☐ Single-Party Account   ☒ Multiple-Party Account
☐ Multiple-Party Account - Tenancy by the Entireties
☐ Trust-Separate Agreement Dated: _____

**RIGHTS AT DEATH** (Select one and initial)

☐ Single-Party Account
☐ Single-Party Account With Pay-on-Death Designation (name beneficiaries below)
☒ Multiple-Party Account With Right of Survivorship
☐ Multiple-Party Account With Right of Survivorship and Pay-on-Death Designation (name beneficiaries below)
☐ Multiple-Party Account Without Right of Survivorship

**NAME OR NAMES OF BENEFICIARIES:**

**OWNERSHIP OF ACCOUNT - BUSINESS PURPOSE**

☐ SOLE PROPRIETORSHIP   ☐ PARTNERSHIP
☐ CORPORATION:   ☐ FOR PROFIT   ☐ NOT FOR PROFIT
☐ LIMITED LIABILITY COMPANY
☐ _____

BUSINESS:
COUNTY & STATE
OF ORGANIZATION: _____
AUTHORIZATION DATED: _____

DATE OPENED  12/01/2010   BY Kyle Berry - DT TAMPA
INITIAL
DEPOSIT $1,135,516.00   ☐ CASH   ☒ CK
HOME TELEPHONE # _____
BUSINESS PHONE # _____
E-MAIL _____
EMPLOYER SELF EMPLOYED
Name and address of someone who will always know your location: _____

**BACKUP WITHHOLDING CERTIFICATIONS**

TIN: _____4010
☒ TAXPAYER I.D. NUMBER - The Taxpayer Identification Number shown above (TIN) is my correct taxpayer identification number.

☒ BACKUP WITHHOLDING - I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

☐ EXEMPT RECIPIENTS - I am an exempt recipient under the Internal Revenue Service Regulations.

SIGNATURE: I certify under penalties of perjury the statements checked in this section and that I am a U.S. citizen or other U.S. person (as defined in the instructions).

X _____   12/01/2010
BING KEARNEY Jr.   (Date)

Bankers Card Kit
Bankers Systems ™
Wolters Kluwer Financial Services © 1992, 2009

---

**ACCOUNT NUMBER**   ____056

**ACCOUNT OWNER(S) NAME & ADDRESS**

BING KEARNEY Jr.
TONYA NUHFER-KEARNEY
911 SEDDON COVE WAY
TAMPA, FL 33602

**TYPE OF ACCOUNT**
☒ NEW   ☐ EXISTING
☐ CHECKING   ☐ SAVINGS
☒ MONEY MARKET   ☐ CERTIFICATE OF DEPOSIT
☐ NOW

This is your (check one):
☒ Permanent   ☐ Temporary   account agreement.

**Personal Money Market**
Number of signatures required for withdrawal 1
FACSIMILE SIGNATURE(S) ALLOWED?   ☐ YES   ☒ NO

[ X                                                    ]

SIGNATURE(S) - The undersigned certifies the accuracy of the information below and has provided and acknowledges receipt of a completed copy of this form. The undersigned authorizes the financial institution to verify credit and employment history and/or have a credit reporting agency prepare a credit report on the undersigned, as individuals. The undersigned also acknowledge the receipt of a copy and agree to the terms of the following agreement(s) and/or disclosure(s):

☒ Terms & Conditions   ☒ Truth in Savings   ☒ Funds Availability
☒ Electronic Fund Transfers   ☒ Privacy   ☒ Substitute Checks
☐ Common Features   ☐ _____

(1): X _____
BING KEARNEY Jr.
I.D. # _____   D.O.B. _____

(2): X _____
TONYA NUHFER-KEARNEY
I.D. # _____   D.O.B. _____

(3): X _____
CHARLES WESLEY KEARNEY III
I.D. # _____   D.O.B. _____

(4): X _____
I.D. # _____   D.O.B. _____

☐ Convenience Account Agent (Single-Party Accounts Only)

X _____
I.D. # _____   D.O.B. _____

MMSC-LAZEL 10/1/2009

Page 1 of 1

# Exhibit "D"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


REGIONS BANK, an Alabama state
chartered bank, as successor in
interest to AmSouth Bank,

       Plaintiff,

                          Case No.8:09-CV-1841-EAK-MAP
-vs-                       20 August 2013
                          Tampa, Florida
                          9:07 a.m.
BING CHARLES W. KEARNEY, JR.,
et al.,

       Defendants.
-------------------------------/


TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE MARK A. PIZZO,
UNITED STATES MAGISTRATE COURT JUDGE

APPEARANCES:

For the Plaintiff:        EDMUND S. WHITSON, III, ESQUIRE
                        **MEGAN MARLOW, ESQUIRE**
                        Anthony & Partners
                        201 N. Franklin Street
                        Suite 2800
                        Tampa, Florida 33602
                        (813) 868-7886


For the Defendant
 **Bing Kearney, Jr.:**    **MICHAEL C. ADDISON, ESQUIRE**
                        Addison & Howard, P.A.
                        400 N. Tampa Street
                        Tampa, Florida 33602-4714
                        (813) 223-2000


For the Defendants
 **Harris and Seeger:**    **JESSE LEE RAY, ESQUIRE**
                        13014 N. Dale Mabry Hwy #315
                        Tampa, Florida 33618-2808
                        (813) 443-9701

**For USAmeriBank:**            **MARIA DEL CARMEN RAMOS, ESQUIRE**
                                **VANESSA GOODWIN, ESQUIRE**
                                **Shumaker, Loop & Kendrick, LLP**
                                **101 East Kennedy Blvd.**
                                **Suite 2800**
                                **Tampa, Florida 33602**
                                **(813) 229-1660**

Reported By:                    PAUL K. SPANGLER, RPR,
                                Official Court Reporter
                                Certificates of Merit and
                                 Proficiency, Notary Public
                                (813) 301-5898

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE

INDEX TO WITNESS

Witness                                                    Page


BING CHARLES WESLEY KEARNEY
     Direct Examination By Mr. Addison          38
     Cross-Examination By Mr. Whitson           65

WILLIAM LANCE PONTON
     Direct Examination By Mr. Addison          75
     Cross-Examination By Mr. Whitson           84
     Redirect Examination By Mr. Addison        92

YAZMIN CARIDAD TOLZMAN
     Direct Examination By Mr. Addison          94
     Cross-Examination By Mr. Whitson          102

WENDY BLANKENHORN
     Direct Examination By Mr. Addison         111
     Cross-Examination By Mr. Whitson          116

CAMILLA GABERTINI
     Direct Examination By Mr. Whitson         123
     Cross-Examination By Mr. Addison          163

BING CHARLES WESLEY KEARNEY
     Cross-Examination By Mr. Whitson          172
     Redirect Examination By Mr. Addison       191
     Redirect Examination By Mr. Addison       204

1          INDEX TO EXHIBITS

2                                  Marked      In Evid.

3                                                Page

4    Plaintiff's Exhibits 1 through 32           70

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   Q    And I -- I think it's almost a matter of record, but

2   you were the president of Kearney Construction, were you

3   not?

4   A    I was not.

5   Q    Were you -- what was your title with

6   Kearney Construction?

7   A    I was the chairman.

8   Q    The chairman.

9        And, uh, as chairman, what were your duties for

10  Kearney Construction?

11  A    Just go to work and deal with the day-to-day minutia.

12  Q    Did you have you any role in negotiating contracts on

13  behalf of Kearney Construction, or approving contracts?

14  A    Uh, Brian Seeger typically handled that, the president

15  of our company.

16  Q    All right.

17       Uh, you sat on the board of Platinum Bank, did you not?

18  A    I did.

19  Q    Do you sit on the board of any other banks?

20  A    No, sir.

21  Q    And I believe you testified earlier that because you

22  have been involved in litigation for quite sometime, that

23  you have had counseling from your attorneys as to owning

24  assets as tenants by the entirety, have you not?

25  A    Yes, sir.

# Exhibit "E"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


REGIONS BANK, an Alabama state
chartered bank, as successor in
interest to AmSouth Bank,

      Plaintiff,

                          Case No.8:09-CV-1841-EAK-MAP
-vs-                       20 August 2013
                       Tampa, Florida
                       9:07 a.m.
BING CHARLES W. KEARNEY, JR.,
et al.,

      Defendants.
------------------------------/


TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE MARK A. PIZZO,
UNITED STATES MAGISTRATE COURT JUDGE

APPEARANCES:

For the Plaintiff:       EDMUND S. WHITSON, III, ESQUIRE
                       **MEGAN MARLOW, ESQUIRE**
                       Anthony & Partners
                       201 N. Franklin Street
                       Suite 2800
                       Tampa, Florida 33602
                       (813) 868-7886


For the Defendant
 **Bing Kearney, Jr.:**    **MICHAEL C. ADDISON, ESQUIRE**
                       Addison & Howard, P.A.
                       400 N. Tampa Street
                       Tampa, Florida 33602-4714
                       (813) 223-2000


For the Defendants
 **Harris and Seeger:**    **JESSE LEE RAY, ESQUIRE**
                       13014 N. Dale Mabry Hwy #315
                       Tampa, Florida 33618-2808
                       (813) 443-9701

**For USAmeriBank:**            **MARIA DEL CARMEN RAMOS, ESQUIRE**
                                **VANESSA GOODWIN, ESQUIRE**
                                **Shumaker, Loop & Kendrick, LLP**
                                **101 East Kennedy Blvd.**
                                **Suite 2800**
                                **Tampa, Florida 33602**
                                **(813) 229-1660**

Reported By:                    PAUL K. SPANGLER, RPR,
                                Official Court Reporter
                                Certificates of Merit and
                                 Proficiency, Notary Public
                                (813) 301-5898

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE

1                          INDEX TO WITNESS

2

Witness                                                    Page

3

4    BING CHARLES WESLEY KEARNEY
          Direct Examination By Mr. Addison          38
5         Cross-Examination By Mr. Whitson           65

6    WILLIAM LANCE PONTON
          Direct Examination By Mr. Addison          75
7         Cross-Examination By Mr. Whitson           84
          Redirect Examination By Mr. Addison        92
8
     YAZMIN CARIDAD TOLZMAN
9         Direct Examination By Mr. Addison          94
          Cross-Examination By Mr. Whitson          102
10
     WENDY BLANKENHORN
11        Direct Examination By Mr. Addison         111
          Cross-Examination By Mr. Whitson          116
12
     CAMILLA GABERTINI
13        Direct Examination By Mr. Whitson         123
          Cross-Examination By Mr. Addison          163
14
     BING CHARLES WESLEY KEARNEY
15        Cross-Examination By Mr. Whitson          172
          Redirect Examination By Mr. Addison       191
16        Redirect Examination By Mr. Addison       204

17

18

19

20

21

22

23

24

25

INDEX TO EXHIBITS

<table>
<tr><td></td><td>Marked</td><td>In Evid.</td></tr>
<tr><td></td><td></td><td>Page</td></tr>
<tr><td>Plaintiff's Exhibits 1 through 32</td><td></td><td>70</td></tr>
</table>

```
1   Q    All right.

2        And I believe you also testified earlier that you

3   understood that tenancy by the entireties was a form of

4   ownership available only to a husband and wife, correct?

5   A    Correct.

6   Q    All right.

7        Now -- let's see.

8        (Pause.)

9        So as with regard to account number 695 -- well, I

10  guess we'll go to the next account number, Exhibit Two.

11       (Pause.)

12       Account number 020.  And my book's missing an exhibit,

13  so I may have to refer to a different book as we get further

14  down in your testimony.  But 020, I believe you identified

15  that account as Clay's account; is that correct?

16  A    Yes, sir.

17       (Pause.)

18  Q    Doesn't Clay have a trust account at USAmeriBank as

19  well?  In addition to this account?  You claim is Clay's

20  account?

21  A    Yes, sir, I believe so.

22  Q    And that would be account number 3181641?

23       Does that refresh your recollection?

24  A    Which exhibit is that?

25  Q    Well, it isn't in front of you.  I didn't know how well
```

# Exhibit "F"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


REGIONS BANK, an Alabama state
chartered bank, as successor in
interest to AmSouth Bank,

      Plaintiff,

                                 Case No.8:09-CV-1841-EAK-MAP
-vs-                          20 August 2013
                                 Tampa, Florida
                                 9:07 a.m.
BING CHARLES W. KEARNEY, JR.,
et al.,

      Defendants.
-------------------------------/


TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE MARK A. PIZZO,
UNITED STATES MAGISTRATE COURT JUDGE

APPEARANCES:

For the Plaintiff:         EDMUND S. WHITSON, III, ESQUIRE
                        **MEGAN MARLOW, ESQUIRE**
                        Anthony & Partners
                        201 N. Franklin Street
                        Suite 2800
                        Tampa, Florida 33602
                        (813) 868-7886


For the Defendant
 **Bing Kearney, Jr.:**     **MICHAEL C. ADDISON, ESQUIRE**
                        Addison & Howard, P.A.
                        400 N. Tampa Street
                        Tampa, Florida 33602-4714
                        (813) 223-2000


For the Defendants
 **Harris and Seeger:**     **JESSE LEE RAY, ESQUIRE**
                        13014 N. Dale Mabry Hwy #315
                        Tampa, Florida 33618-2808
                        (813) 443-9701

**For USAmeriBank:**                    **MARIA DEL CARMEN RAMOS, ESQUIRE**
                                        **VANESSA GOODWIN, ESQUIRE**
                                        **Shumaker, Loop & Kendrick, LLP**
                                        **101 East Kennedy Blvd.**
                                        **Suite 2800**
                                        **Tampa, Florida 33602**
                                        **(813) 229-1660**

Reported By:                            PAUL K. SPANGLER, RPR,
                                        Official Court Reporter
                                        Certificates of Merit and
                                         Proficiency, Notary Public
                                        (813) 301-5898

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE

INDEX TO WITNESS

Witness                                              Page


BING CHARLES WESLEY KEARNEY
        Direct Examination By Mr. Addison          38
        Cross-Examination By Mr. Whitson           65

WILLIAM LANCE PONTON
        Direct Examination By Mr. Addison          75
        Cross-Examination By Mr. Whitson           84
        Redirect Examination By Mr. Addison        92

YAZMIN CARIDAD TOLZMAN
        Direct Examination By Mr. Addison          94
        Cross-Examination By Mr. Whitson          102

WENDY BLANKENHORN
        Direct Examination By Mr. Addison         111
        Cross-Examination By Mr. Whitson          116

CAMILLA GABERTINI
        Direct Examination By Mr. Whitson         123
        Cross-Examination By Mr. Addison          163

BING CHARLES WESLEY KEARNEY
        Cross-Examination By Mr. Whitson          172
        Redirect Examination By Mr. Addison       191
        Redirect Examination By Mr. Addison       204

1             INDEX TO EXHIBITS

2                                    Marked      In Evid.

3                                                 Page

4    Plaintiff's Exhibits 1 through 32            70

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    deposited?

 2    A     I believe so.

 3    Q     Who signed the backup withholding certification?

 4    A     I did.

 5    Q     Tell the Court, please, how this account came into --

 6    this document came into being.

 7    A     Well, our -- our construction company had filed

 8    bankruptcy in 2009, and I had numerous, probably, uh,

 9    litigation going on.  I owned a lot of real estate, and all

10    the banks were curtailing all of the real estate so -- and

11    not renewing them.

12          So under the advice of my lawyers in knowing that the

13    IRS check was coming, they said the best way to deal with

14    that check is put it in a tenants by the entirety account.

15    Q     And so what steps did you take to effectuate that

16    advice?

17    A     I went down to USAmeriBank and opened a tenants by the

18    entirety account.

19    Q     Was this the first bank account you had with

20    USAmeriBank?

21    A     Uh, I believe this is 12/1 of '10 and, uh -- and I'm

22    not sure.  Looking at some of the other dates, they look

23    like 2011.

24    Q     All right.

25          So when you went -- and was it you personally who went
```

# Exhibit "G"

1

1                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF FLORIDA
2                   TAMPA DIVISION
            CASE NO.: 8:09-cv-1841-T-17MAP

3

4  REGIONS BANK, an Alabama state
   chartered bank, as successor
5  in interest to AmSouth Bank,

6       Plaintiff,

7  vs.

8  LARRY S. HYMAN, assignee for G3 TAMPA, LLC,
   a Florida limited liability company,
9  BING CHARLES W. KEARNEY, JR.,
   BRIAN SEEGER, TRACY J. HARRIS, JR.,
10  and GREGORY BENNETT,

11      Defendants.
   _____/
12

13  DEPOSITION OF:      **YASMINE TOLZMAN**

14  TAKEN:           Pursuant to Notice by
                     Counsel for Plaintiff
15

   DATE:             August 16, 2013
16

   TIME:             9:02 a.m. to 9:55 a.m.
17

   LOCATION:        Anthony & Partners, LLC
18                  201 North Franklin Street
                  Suite 2800
19                  Tampa, Florida  33602

20  REPORTED BY:       Brooke Wharton
                  Notary Public
21                  State of Florida at Large

22

23           **Regency Reporting Service, Inc.**
            **Courthouse Plaza, Suite 103**
24             **625 East Twiggs Street**
              **Tampa, Florida 33602**
25       **Phone: 813-224-0224 Fax: 813-224-0225**

2

1   **APPEARANCES:**      EDMUND S. WHITSON, III, Esquire
                          MEGAN MARLOWE, Esquire
2                         Anthony & Partners, LLC
                          201 North Franklin Street
3                         Suite 2800
                          Tampa, Florida  33602
4                         813-868-7886
                          ewhitson@anthonyandpartners.com
5                         mmarlowe@anthonyandpartners.com
                          Attorneys for the Plaintiff
6

7                         MICHAEL C. ADDISON, Esquire
                          Addison & Howard, P.A.
8                         Post Office Box 172535
                          Tampa, Florida  33602
9                         813-223-2000
                          m@mcalaw.net
10                        Attorney for the Defendant

11                        VANESSA GOODWIN, Esquire
                          MARIA DEL CARMEN RAMOS, Esquire
12                        Shumaker, Loop & Kendrick, LLP
                          101 East Kennedy Boulevard
13                        Suite 2800
                          Tampa, Florida  33602
14                        813-229-7600
                          VGoodwin@slk-law.com
15                        mramos@slk-law.com
                          Attorneys for the Witness
16

17  **ALSO PRESENT:**     Bing Kearney,
                          Charles Kearney
18

19  **INDEX**                                   **PAGE NUMBER**

20  Direct Examination by Mr. Whitson . . . . . . . . 4
    Cross-Examination by Mr. Addison. . . . . . . . .30
21  Redirect Examination by Mr. Whitson . . . . . . .38
    Recross Examination by Mr. Addison. . . . . . . .41
22  Redirect Examination by Mr. Whitson . . . . . . .43
    Reporter's Certificate. . . . . . . . . . . . . .46
23

24

25

3

**(INDEX CONTINUED)**

**EXHIBITS**                                    **PAGE NUMBER**

Exhibit No. 1 for identification. . . . . . . .10
(Signature Card, 7/8/13, 10:30 a.m.)

Exhibit No. 2 for identification. . . . . . . .18
(Signature Card, 7/8/13, 10:50 a.m.)

Exhibit No. 3 for identification. . . . . . . .24
(Signature Card, 7/8/13, 5:30 p.m.)

1      **A**      Yes.

2      **Q**      When did you see it?

3      **A**      A month ago, about a month ago.

4      **Q**      Were you present at the bank on July 8th at 10:30

5      in the morning?

6      **A**      Yes.

7      **Q**      And can you describe for me the events as of

8      July 8th, 2013, at 10:30 in the morning with respect to

9      Ms. Tonya Kearney?

10     **A**      Yes.  She came into the office, asked me to open

11     a joint account with her and her husband.  At that moment, I

12     did not know that Mr.  Kearney was her husband until she --

13     I saw her ID and I saw the last name.  I asked her how would

14     she like it titled.  She said this is going to be a joint

15     account.  I opened it as a joint account.

16              At that time, when I presented her the signature

17     card to sign it, she intended and pointed to the signature

18     card that she needed it to be titled "tenancy by the

19     entirety."  So I said, easy fix.  Went back into my system

20     and printed the signature card back up.

21     **Q**      Okay.  So Ms. Kearney did not initially ask you

22     to set it up as a tenants by the entireties account?

23     **A**      No, no.

24     **Q**      Okay.  And did you recognize Ms. Kearney when she

25     came into the bank?

1    **A**    Yes.

2    **Q**    Okay.  Did she ask you at the time you did the

3    second signature card whether this would be sufficient to

4    establish this account as a tenants by entireties account?

5    **A**    Rephrase.

6    **Q**    Did she ask you at the time you generated this

7    particular signature card if this was sufficient to create

8    a --

9    **A**    No.

10   **Q**    She didn't?

11   **A**    No.

12   **Q**    Okay.  Now, did you check with anyone else to

13   make sure that this signature card was sufficient to create

14   a tenants by entireties account?

15   **A**    I did.

16   **Q**    Who'd you check with?

17   **A**    I checked with Debbie Fisher.

18   **Q**    Who is she?

19   **A**    She's the customer service rep.

20   **Q**    And she's in the downtown branch?

21   **A**    Correct.

22   **Q**    And what did Ms. Fisher say to you?

23   **A**    What I asked her was, "Will this generate to the

24   title?  Does it need to be in there?"  And she said, "Yes."

25   That is it.

1          **A**     Correct.

2          **Q**     And is that the policy now?

3          **A**     No.

4          **Q**     Okay.  So it's still the customer has to tell you

5     how to open it up?

6          **A**     Correct.

7          **Q**     All right.  And just to, I guess, beat a dead

8     horse, when Ms. Kearney came in initially at 10:30, all she

9     said to you was she wanted to open up a joint account,

10    correct?

11         **A**     Correct.

12         **Q**     She never mentioned tenants by the entireties?

13         **A**     Not until after I showed her the signature card.

14         **Q**     Okay.  All right?

15              MR. ADDISON:  Let me just ask a couple of

16         follow-up if you're done.

17              MR. WHITSON:  Sure.  It's like tennis now.

18              MR. ADDISON:  I usually don't do this but --

19              THE WITNESS:  And I'm the ball.

20              MR. ADDISON:  Yeah, that's right.  I hope you

21         don't mind.

22                        **RECROSS EXAMINATION**

23    BY MR. ADDISON:

24         **Q**     Do you know whether or not Mr. Chillura knew that

25    there was an issue with respect to the signature card for

# Exhibit "H"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama state
chartered bank, as successor in
interest to AmSouth Bank,

       Plaintiff,

                      Case No.8:09-CV-1841-EAK-MAP
-vs-                      20 August 2013
                      Tampa, Florida
                      9:07 a.m.
BING CHARLES W. KEARNEY, JR.,
et al.,

       Defendants.
-------------------------------/

TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE MARK A. PIZZO,
UNITED STATES MAGISTRATE COURT JUDGE

APPEARANCES:

For the Plaintiff:      EDMUND S. WHITSON, III, ESQUIRE
                      **MEGAN MARLOW, ESQUIRE**
                      Anthony & Partners
                      201 N. Franklin Street
                      Suite 2800
                      Tampa, Florida 33602
                      (813) 868-7886

For the Defendant
 **Bing Kearney, Jr.:**    **MICHAEL C. ADDISON, ESQUIRE**
                      Addison & Howard, P.A.
                      400 N. Tampa Street
                      Tampa, Florida 33602-4714
                      (813) 223-2000

For the Defendants
 **Harris and Seeger:**    **JESSE LEE RAY, ESQUIRE**
                      13014 N. Dale Mabry Hwy #315
                      Tampa, Florida 33618-2808
                      (813) 443-9701

**For USAmeriBank:**                    **MARIA DEL CARMEN RAMOS, ESQUIRE**
                                        **VANESSA GOODWIN, ESQUIRE**
                                        **Shumaker, Loop & Kendrick, LLP**
                                        **101 East Kennedy Blvd.**
                                        **Suite 2800**
                                        **Tampa, Florida 33602**
                                        **(813) 229-1660**

Reported By:                            PAUL K. SPANGLER, RPR,
                                        Official Court Reporter
                                        Certificates of Merit and
                                         Proficiency, Notary Public
                                        (813) 301-5898

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE

1                        INDEX TO WITNESS

2

   Witness                                          Page

3

4    BING CHARLES WESLEY KEARNEY
          Direct Examination By Mr. Addison         38
5         Cross-Examination By Mr. Whitson          65

6    WILLIAM LANCE PONTON
          Direct Examination By Mr. Addison         75
7         Cross-Examination By Mr. Whitson          84
          Redirect Examination By Mr. Addison       92
8
     YAZMIN CARIDAD TOLZMAN
9         Direct Examination By Mr. Addison         94
          Cross-Examination By Mr. Whitson          102
10
     WENDY BLANKENHORN
11        Direct Examination By Mr. Addison         111
          Cross-Examination By Mr. Whitson          116
12
     CAMILLA GABERTINI
13        Direct Examination By Mr. Whitson         123
          Cross-Examination By Mr. Addison          163
14
     BING CHARLES WESLEY KEARNEY
15        Cross-Examination By Mr. Whitson          172
          Redirect Examination By Mr. Addison       191
16        Redirect Examination By Mr. Addison       204

17

18

19

20

21

22

23

24

25

1                          INDEX TO EXHIBITS

2                                     Marked      In Evid.

3                                                  Page

4    Plaintiff's Exhibits 1 through 32             70

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   at USAmeriBank and the prior banking experience you had?

 2   A     Yes.

 3   Q     All right.

 4         So your recollection is that Ms. -- Mrs. Kearney came

 5   in and asked to open an account and told you what about how

 6   it should be titled?

 7   A     I asked her how would you like it titled?

 8         And she said joint.

 9         I then proceeded on opening the account.  Printed the

10   signature card.  After I had printed the signature card, she

11   pointed out that she needed it tenancy by the entirety.

12   Q     All right.

13         And when she pointed that out, what steps did you have

14   to take in order to go forward and fulfill her request?

15   A     I just had to go back into the system and check off

16   where it says "Multiple-Party Account" and change it to

17   where it says "Tenancy By The Entirety" and print up a new

18   signature card.

19   Q     Had you ever had a husband and wife come in and open an

20   account at USAmeriBank before without specifying how they

21   wanted to hold the account, how they wanted to own it?

22   A     No, I've always had them come in and ask me to open a

23   joint account.

24   Q     When they say they want to have a joint account, what

25   discussion do you have with them about what the options are
```

# Exhibit "I"

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:09-cv-1841-T-17MAP

REGIONS BANK, an Alabama state
chartered bank, as successor
in interest to AmSouth Bank,

     Plaintiff,

vs.

LARRY S. HYMAN, assignee for G3 TAMPA, LLC,
a Florida limited liability company,
BING CHARLES W. KEARNEY, JR.,
BRIAN SEEGER, TRACY J. HARRIS, JR.,
and GREGORY BENNETT,

     Defendants.
_____/


| | |
|---|---|
| DEPOSITION OF: | **CAMI GIBERTINI** |
| TAKEN: | Pursuant to Notice by Counsel for Plaintiff |
| DATE: | August 16, 2013 |
| TIME: | 10:32 a.m. to 3:02 p.m. |
| LOCATION: | Anthony & Partners, LLC<br>201 North Franklin Street<br>Suite 2800<br>Tampa, Florida  33602 |
| REPORTED BY: | Brooke Wharton<br>Notary Public<br>State of Florida at Large |

**Regency Reporting Service, Inc.**
**Courthouse Plaza, Suite 103**
**625 East Twiggs Street**
**Tampa, Florida 33602**
**Phone: 813-224-0224 Fax: 813-224-0225**

```
                                                                    2
 1    APPEARANCES:        EDMUND S. WHITSON, III, Esquire
                          MEGAN MAROWE, Esquire
 2                        Anthony & Partners, LLC
                          201 North Franklin Street
 3                        Suite 2800
                          Tampa, Florida  33602
 4                        813-868-7886
                          ewhitson@anthonyandpartners.com
 5                        Mmarlowe@anthonyandpartners.com
                          Attorneys for the Plaintiff
 6
                          MICHAEL C. ADDISON, Esquire
 7                        Addison & Howard, P.A.
                          Post Office Box 172535
 8                        Tampa, Florida  33602
                          813-223-2000
 9                        m@mcalaw.net
                          Attorney for the Defendant
10
                          VANESSA GOODWIN, Esquire
11                        Shumaker, Loop & Kendrick, LLP
                          101 East Kennedy Boulevard
12                        Suite 2800
                          Tampa, Florida  33602
13                        813-229-7600
                          VGoodwin@slk-law.com
14                        Attorney for the Witness

15
      ALSO PRESENT:    Bing Kearney
16

17

18    INDEX                                      PAGE NUMBER
```

```
19    Direct Examination by Mr. Whitson . . . . . . . . 4
      Cross-Examination by Mr. Addison. . . . . . . . . 99
20    Redirect Examination by Mr. Whitson . . . . . . .100
      Recross Examination by Mr. Addison. . . . . . . .119
21    Redirect Examination by Mr. Whitson . . . . . . .132
      Recross Examination by Mr. Addison. . . . . . . .143
22    Redirect Examination by Mr. Whitson . . . . . . .145
      Recross Examination by Mr. Addison. . . . . . . .145
23    Redirect Examination by Mr. Whitson . . . . . . .148
      Recross Examination by Mr. Addison. . . . . . . .153
24    Reporter's Certificate. . . . . . . . . . . . . .155

25
```

3

**(INDEX CONTINUED)**

**EXHIBITS**                                          **PAGE NUMBER**

Exhibit No.  1 for identification. . . . . . . . 30
(Writ of Garnishment)

Exhibit No.  2 for identification. . . . . . . . 31
(E-mail chain re: Papers on Excavatos from
Ken M.)

Composite Exhibit No.  3 for identification. . . . 32
(Composite; E-mail chain re: Garnishment Info;
6 signature cards)

Exhibit No.  4 for identification. . . . . . . . 47
(E-mail chain with attached Regions Anthony
letter 5-20-13)

Exhibit No.  5 for identification. . . . . . . . 51
(E-mail chain with attached Bank of Tampa's Answer
to Writ of Garnishment)

Exhibit No.  6 for identification. . . . . . . . 52
(E-mail chain re: Personal Accts)

Exhibit No.  7 for identification. . . . . . . . 57
(E-mail chain re: Kearney Garnishment)

Exhibit No.  8 for identification. . . . . . . . 65
(Answer of Garnishee)

Exhibit No.  9 for identification. . . . . . . . 66
(Affidavit of Amber Proctor)

Exhibit No. 10 for identification. . . . . . . .100
(Signature Card, 7/8/13, 10:30 a.m.)

Exhibit No. 11 for identification. . . . . . . .103
(Signature Card, 7/8/13, 10:50 a.m.)

Exhibit No. 12 for identification. . . . . . . .105
(Signature Card, 7/8/13, 5:30 p.m.)

Exhibit No. 13 for identification. . . . . . . .143
(E-mail chain re: Signature Card)

1    the ownership.

2        **Q**    The first time?

3        **A**    The first time.

4        **Q**    On Exhibit 10?

5        **A**    Correct.

6        **Q**    Okay.  So then let's go to Exhibit 11.

7            (Deposition Exhibit Number 11 was marked for

8        identification.)

9        **Q**    All right.  Ms. Gibertini, I've shown you what

10   we've marked as Exhibit 11.  Again, the same case filing

11   information at the top.  This one has some handwriting that

12   shows a date of July 8th, 2013.  This one shows a time of

13   10:50 a.m., plus or minus, and it says Tonya Kearney and

14   Yasmine Tolzman on the form.

15           Now, is this the document that you were

16   discussing with Ms. Tolzman when she called you on July 9th?

17       **A**    Yes.

18       **Q**    And I believe you're referring to -- all

19   right.  Why don't you briefly go back on what you told

20   Ms. Tolzman was not necessarily wrong with this form but,

21   again, why you changed it.

22       **A**    Okay.  Yes.  I told her that technically this

23   card was correct.  On the ownership of account, do you see

24   that she denoted the multi-party tenants by the entireties?

25       **Q**    Uh-huh.

1      **A**    Okay.  That's correct.  That denotes the

2  ownership of the account.  At USAmeriBank, it's not our

3  procedure that we would need to indicate rights of the

4  survivorship because with that particular ownership, it's

5  implied.  It comes together.  It's one in the same.

6          So, again, technically this was, in fact,

7  correct, but when I got involved with it, I wanted to make

8  sure 100 percent without fail it matched policies and

9  procedures and, you know, it was according to how we do it.

10  So that's why I reexecuted the signature card.

11      **Q**    All right.  We'll get to that one in a second.

12      **A**    Okay.

13      **Q**    Now, with respect to the account that Mr. and

14  Mrs. Kearney opened up on July 8th, did you know ahead of

15  time that they were going to go into the downtown branch and

16  open this account?

17      **A**    No.

18      **Q**    Okay.  And you said that when you were speaking

19  to Ms. Tolzman you wanted to make sure she understood what

20  USAmeriBank's policies and procedures were, correct?

21      **A**    Yes.  Yes, because she was specifically asking me

22  what was -- you know, why did we have to redo a new card.

23      **Q**    Okay.  And so you're very clear that according to

24  sort of the online manual or whatever published policies and

25  procedures there are at USAmeriBank that in order to

# Exhibit "J"

USAmeriBank
668 Oakfield Drive
Brandon, FL 33511

Member FDIC

| ACCOUNT NUMBER | :695 |
|---|---|

**ACCOUNT OWNER(S) NAME & ADDRESS**

BING KEARNEY Jr.
TONYA NUHFER-KEARNEY
CHARLES WESLEY KEARNEY III
CLAYTON WHITMAN KEARNEY
911 SEDDON COVE WAY
TAMPA, FL 33602

## OWNERSHIP OF ACCOUNT - CONSUMER PURPOSE (Select one and initial)

- [ ] Single-Party Account
- [X] Multiple-Party Account
- [ ] Multiple-Party Account - Tenancy by the Entireties
- [ ] Trust-Separate Agreement Dated: _____

## RIGHTS AT DEATH (Select one and initial)

- [ ] Single-Party Account
- [ ] Single-Party Account With Pay-on-Death Designation (name beneficiaries below)
- [X] Multiple-Party Account With Right of Survivorship
- [ ] Multiple-Party Account With Right of Survivorship and Pay-on-Death Designation (name beneficiaries below)
- [ ] Multiple-Party Account Without Right of Survivorship

NAME OR NAMES OF BENEFICIARIES:

| TYPE OF ACCOUNT | [X] NEW | [ ] EXISTING |
|---|---|---|
| | [X] CHECKING | [ ] SAVINGS |
| | [ ] MONEY MARKET | [ ] CERTIFICATE OF DEPOSIT |
| | [ ] NOW | [ ] |

This is your (check one):
[X] Permanent   [ ] Temporary   account agreement.

**50 Plus Checking**
Number of signatures required for withdrawal 1
FACSIMILE SIGNATURE(S) ALLOWED? [ ] YES [X] NO

[ X ]

SIGNATURE(S) - The undersigned certifies the accuracy of the information he/she has provided and acknowledges receipt of a completed copy of this form. The undersigned authorizes the financial institution to verify credit and employment history and/or have a credit reporting agency prepare a credit report on the undersigned, as individuals. The undersigned also acknowledges the receipt of a copy and agree to the terms of the following agreement(s) and/or disclosure(s).

[X] Terms & Conditions [X] Truth in Savings [X] Funds Availability
[X] Electronic Fund Transfers [X] Privacy [X] Substitute Checks
[ ] Common Features [ ]

## OWNERSHIP OF ACCOUNT - BUSINESS PURPOSE

- [ ] SOLE PROPRIETORSHIP [ ] PARTNERSHIP
- [ ] CORPORATION [ ] FOR PROFIT [ ] NOT FOR PROFIT
- [ ] LIMITED LIABILITY COMPANY
- [ ]

BUSINESS:
COUNTY & STATE
OF ORGANIZATION:
AUTHORIZATION DATED:

DATE OPENED 10/26/2011 BY Melissa Svendsen
INITIAL DEPOSIT $100.00 [ ] CASH [ ]
HOME TELEPHONE # (813) 230-2001
BUSINESS PHONE #
E-MAIL
EMPLOYER KEARNEY CONSTRUCTION
Name and address of someone who will always know your location: _____

(1): [ X ] _____
BING KEARNEY Jr.
I.D. # Redacted     D.O.B. Redacted

(2): [ X ] _____
TONYA NUHFER-KEARNEY
I.D. # Redacted     D.O.B. Redacted

(3): [ X ] _____
CHARLES WESLEY KEARNEY III
I.D. # Redacted     D.O.B. Redacted

(4): [ X ] _____
CLAYTON WHITMAN KEARNEY
I.D. # Redacted     D.O.B. Redacted

[ ] Convenience Account Agent (Single-Party Accounts Only)

[ X ]
I.D. #     D.O.B.

## BACKUP WITHHOLDING CERTIFICATIONS

TIN: Redacted
[X] TAXPAYER I.D. NUMBER - The Taxpayer Identification Number shown above (TIN) is my correct taxpayer identification number.

[X] BACKUP WITHHOLDING - I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

[ ] EXEMPT RECIPIENTS - I am an exempt recipient under the Internal Revenue Service Regulations.

SIGNATURE: I certify under penalties of perjury the statements checked in this section and that I am a U.S. citizen or other U.S. person (as defined in the instructions).

X _____     10/26/2011
BING KEARNEY Jr.     (Date)

Signature Card-FL
Bankers Systems ™
Wolters Kluwer Financial Services © 1982, 2009

MPSC-LAZ-FL 10/1/2009
Page 1 of 1

# Exhibit "K"

# USAmeriBank
668 Oakfield Drive, Brandon, FL 33511

| | |
|---|---|
| **ACCOUNT NUMBER** | 1129 |

**ACCOUNT OWNER(S) NAME & ADDRESS**
BING KEARNEY JR
TONYA NUHFER-KEARNEY
CHARLES WESLEY KEARNEY III
CLAYTON WHITMAN KEARNEY
911 SEDDON COVE WAY
TAMPA, FL 33602-5705

## OWNERSHIP OF ACCOUNT - CONSUMER PURPOSE (Select one and initial):

- ☒ _____ Single-Party Account  ☐ _____ Multiple-Party Account
- ☐ _____ Multiple-Party Account - Tenancy by the Entireties
- ☐ _____ Trust-Separate Agreement Dated: _____
- ☐ _____

## RIGHTS AT DEATH (Select one and initial):

- ☐ _____ Single-Party Account
- ☐ _____ Single-Party Account With Pay-on-Death Designation (name beneficiaries below)
- ☒ _____ Multiple-Party Account With Right of Survivorship
- ☐ _____ Multiple-Party Account With Right of Survivorship and Pay-on-Death Designation (name beneficiaries below)
- ☐ _____ Multiple-Party Account Without Right of Survivorship

**NAME OR NAMES OF BENEFICIARIES:**

## OWNERSHIP OF ACCOUNT - BUSINESS PURPOSE

- ☐ SOLE PROPRIETORSHIP  ☐ PARTNERSHIP
- ☐ CORPORATION:  ☐ FOR PROFIT  ☐ NOT FOR PROFIT
- ☐ LIMITED LIABILITY COMPANY
- ☐

BUSINESS:
COUNTY & STATE
OF ORGANIZATION: _____
AUTHORIZATION DATED: _____

| | |
|---|---|
| **TYPE OF ACCOUNT** | ☒ NEW   ☐ EXISTING<br>☐ CHECKING  ☒ SAVINGS<br>☐ MONEY MARKET  ☐ CERTIFICATE OF DEPOSIT<br>☐ NOW |

This is your (check one):  SAVINGS
☒ Permanent  ☐ Temporary  account agreement.

Number of signatures required for withdrawal  001
FACSIMILE SIGNATURE(S) ALLOWED?  ☐ YES  ☒ NO

X

**SIGNATURE(S)** - The undersigned certifies the accuracy of the information he/she has provided and acknowledges receipt of a completed copy of this form. The undersigned authorizes the financial institution to verify credit and employment history and/or have a credit reporting agency prepare a credit report on the undersigned, as individuals. The undersigned also acknowledge the receipt of a copy and agree to the terms of the following agreement(s) and/or disclosure(s):

☒ Terms & Conditions  ☒ Truth in Savings  ☒ Funds Availability
☒ Electronic Fund Transfers  ☒ Privacy  ☒ Substitute Checks
☐ Common Features

(1): X
BING KEARNEY JR
I.D. # _____  D.O.B. _____

(2): X
TONYA NUHFER-KEARNEY
I.D. # _____  D.O.B. _____

(3): X
CHARLES WESLEY KEARNEY III
I.D. # _____  D.O.B. _____

(4): X
CLAYTON WHITMAN KEARNEY
I.D. # _____  D.O.B. _____

☐ Convenience Account Agent (Single-Party Accounts Only)

X
I.D.# _____  D.O.B. _____

| | |
|---|---|
| DATE OPENED | 11/23/2011  BY B244MMS |
| INITIAL DEPOSIT $ | 17000.00  ☐ CASH  ☒ Local Check |

HOME TELEPHONE # 813-230-2001
BUSINESS PHONE #
E-MAIL
EMPLOYER SITE AND CIVIL LLC REAL ESTATE DEVLE(
Name and address of someone who will always know your location: _____

## BACKUP WITHHOLDING CERTIFICATIONS

TIN: _____

☒ **TAXPAYER I.D. NUMBER** - The Taxpayer Identification Number shown above (TIN) is my correct taxpayer identification number.

☒ **BACKUP WITHHOLDING** - I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

☐ **EXEMPT RECIPIENTS** - I am an exempt recipient under the Internal Revenue Service Regulations.

**SIGNATURE:** I certify under penalties of perjury the statements checked in this section and that I am a U.S. citizen or other U.S. person (as defined in the instructions).

X _____
BING KEARNEY JR  (Date)

# Exhibit "L"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


REGIONS BANK, an Alabama state
chartered bank, as successor in
interest to AmSouth Bank,

       Plaintiff,

                           Case No.8:09-CV-1841-EAK-MAP
-vs-                       20 August 2013
                           Tampa, Florida
                           9:07 a.m.
BING CHARLES W. KEARNEY, JR.,
et al.,

       Defendants.
-------------------------------/


TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE MARK A. PIZZO,
UNITED STATES MAGISTRATE COURT JUDGE

APPEARANCES:

For the Plaintiff:       EDMUND S. WHITSON, III, ESQUIRE
                         **MEGAN MARLOW, ESQUIRE**
                         Anthony & Partners
                         201 N. Franklin Street
                         Suite 2800
                         Tampa, Florida 33602
                         (813) 868-7886


For the Defendant
 **Bing Kearney, Jr.:**    **MICHAEL C. ADDISON, ESQUIRE**
                         Addison & Howard, P.A.
                         400 N. Tampa Street
                         Tampa, Florida 33602-4714
                         (813) 223-2000


For the Defendants
 **Harris and Seeger:**    **JESSE LEE RAY, ESQUIRE**
                         13014 N. Dale Mabry Hwy #315
                         Tampa, Florida 33618-2808
                         (813) 443-9701

**For USAmeriBank:**          **MARIA DEL CARMEN RAMOS, ESQUIRE**
                             **VANESSA GOODWIN, ESQUIRE**
                             **Shumaker, Loop & Kendrick, LLP**
                             **101 East Kennedy Blvd.**
                             **Suite 2800**
                             **Tampa, Florida 33602**
                             **(813) 229-1660**

Reported By:                 PAUL K. SPANGLER, RPR,
                             Official Court Reporter
                             Certificates of Merit and
                              Proficiency, Notary Public
                             (813) 301-5898

STENOGRAPHICALLY RECORDED
COMPUTER-AIDED TRANSCRIPTION
BY ECLIPSE

1

INDEX TO WITNESS

2

Witness                                                     Page

3

4   BING CHARLES WESLEY KEARNEY
        Direct Examination By Mr. Addison          38
5       Cross-Examination By Mr. Whitson           65

6   WILLIAM LANCE PONTON
        Direct Examination By Mr. Addison          75
7       Cross-Examination By Mr. Whitson           84
        Redirect Examination By Mr. Addison        92
8
    YAZMIN CARIDAD TOLZMAN
9       Direct Examination By Mr. Addison          94
        Cross-Examination By Mr. Whitson          102
10
    WENDY BLANKENHORN
11      Direct Examination By Mr. Addison         111
        Cross-Examination By Mr. Whitson          116
12
    CAMILLA GABERTINI
13      Direct Examination By Mr. Whitson         123
        Cross-Examination By Mr. Addison          163
14
    BING CHARLES WESLEY KEARNEY
15      Cross-Examination By Mr. Whitson          172
        Redirect Examination By Mr. Addison       191
16      Redirect Examination By Mr. Addison       204

17

18

19

20

21

22

23

24

25

<u>INDEX TO EXHIBITS</u>

                                    Marked      In Evid.

                                                <u>Page</u>

Plaintiff's Exhibits 1 through 32              70

1   Q    And do you reflect -- as you look at it, do you know

2   what the purpose of this account was?

3   A    Uh, it appears to be a, uh -- a 50 Plus Checking

4   Account.

5   Q    What was the -- this obviously is not an entireties

6   account, it was set up with additional signatories.  Are you

7   the individual who put the money into this account?

8   A    Yes, sir.

9   Q    All right.

10       All right.  Take a look at the next exhibit, which

11  should be Exhibit Number Two for identification, and ask you

12  if you can identify that signature card, sir?

13  A    Yes, sir.

14  Q    And what does that signature card reflect?

15  A    That signature card is an account in the name of

16  Clay Kearney with myself as a signer, and my son Chase as a

17  signer on the account.

18  Q    What does the account number end in?

19       What three digits?

20  A    020.

21  Q    And what kind of account is that?

22  A    That would be my son Clay's account that Chase and I

23  signed to pay his bills when he's not around.

24  Q    Is any of the money that was in the account on the day

25  the writ of garnishment was served money that belonged to