UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                                          CASE NO.  8:09-CV-1841-T-17MAP

LARRY S. HYMAN, etc.,
et al.,

        Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 218    Claim of Exemption
Dkt. 255    Motion to Dissolve Writs of Garnishment
Dkt. 273    Response
Dkt. 289    Transcript of Motion Hearing of 7/8/2013
Dkt. 347    Status Report
Dkt. 356    Amended Status Report
Dkt. 363    Transcript of Evidentiary Hearing of 8/20/2013
Dkt. 382    Report and Recommendation
Dkt. 384    Objections (Regions Bank)


        A Final Judgment was entered in favor of Plaintiff Regions Bank ("Regions"), and

against Defendants. (Dkt. 177).   The Final Judgment has been affirmed on appeal.

(Dkt. 444, 455).   Regions Bank sought to collect the judgment by garnishing Defendant

Kearney's bank accounts.  USAmeribank filed an Answer and Platinum Bank filed an

Answer (Dkt. 212, Dkt. 249).  Plaintiff Regions filed a Reply to Platinum Bank's Answer.

(Dkt. 261).

Case No. 8:09-CV-1841-T-17MAP

Defendant Bing Charles W. Kearney, Jr. ("Kearney") moved to dissolve two writs of garnishment, (USAmeribank Writ and Platinum Bank Writ) (Dkt. 255).   Plaintiff Regions Bank opposed the Motion to Dissolve (Dkt. 273).

The assigned Magistrate Judge conducted a Motion Hearing on July 8, 2013, and also took testimony of witnesses Bing Kearney, Justin Rowlson, and James M. Reed.(Dkt. 289).    An evidentiary hearing was conducted on August 20, 2013, at which testimony was taken from Bing Kearney, William Lance Ponton, Yazmin Tolzman, Wendy Blankenhorn, and Camilla Gabertini.   The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that the two writs of garnishment be dissolved.   As to the USAmeribank Writ, the assigned Magistrate Judge found that based on Plaintiff's noncompliance with notice provisions of the garnishment statutes, the writs should be dissolved, applying Zivitz v. Zivitz, 16 So.3d 841, 847 (Fla. 2d DCA 2009), Cullen v. Marsh, 34 So.3d 235 (Fla. 3d DCA 2010); Rudd v. First Union Nat. Bank of Florida, 761 So.2d 1189, 1192 (Fla. 4th DCA 2000)(reversed ruling that motion to dissolve was premature and remanding to allow debtor to file motion to dissolve and assert exemptions).   The assigned Magistrate Judge further found that the Answer of USAmeribank was deficient and deprived the other owners of their statutorily required notice.   The assigned Magistrate Judge further found that when Plaintiff Regions was advised of the other owners of the six accounts, Plaintiff did not serve them, and this failure further justifies granting the dissolution of the writ.   Based on the recommendation to dissolve the two writs of garnishment, the assigned Magistrate Judge found it was not necessary to address the Claims of Exemption, but did so in the interest of completeness.   The assigned Magistrate Judge found that the signature card form is ambiguous and confusing as to the form of ownership, such that he could not find that the Kearneys expressly chose the joint-tenancy box.   The assigned Magistrate Judge further found by clear and convincing proof that when the Kearneys opened the 056 account, they intended to open a tenancy by the entireties account.

Case No. 8:09-CV-1841-T-17MAP

As to the Platinum Bank Writ, the assigned Magistrate Judge found that Plaintiff Regions did not serve the notice required by Sec. 77.055, F.S., on the owners disclosed by the Answer of Garnishee. The assigned Magistrate Judge concluded that the account owners disclosed in the Answer were foreclosed from timely moving to dissolve the Writ, and therefore the Platinum Bank Writ should be dissolved. See Beardsley v. Admiral Ins. Co., 647 So.2d 327 (Fla. 3d DCA 1994)(prior panel affirmed denial of motion to dissolve writ; the factual dispute as to exempt status of funds should proceed to trial; reversing final judgment and remanding for compliance with statutory procedures). The accounts at Platinum Bank are held in the names of Clayton Kearney and Bing Kearney.

Judgment Debtor Kearney moved to dissolve the writ for failure to comply with the requirements of the garnishment statutes. Clayton Kearney filed an Affidavit in support of the Motion to Dissolve on the same day that the Motion was filed, stating that he is the owner of the funds in the accounts, and Bing Kearney is not.

Plaintiff Regions Bank has filed Objections to the Report and Recommendation.

In the Status Report, Plaintiff Regions Bank advises:

USAmeribank

The Writ of Garnishment remains at issue as to judgment debtor Kearney, but not as to judgment debtors Seeger or Harris. Kearney, Harris and Seeger filed Claims of Exemption, but no money is owed to Seeger or Harris. Discovery confirmed money owed to Kearney. The Amended Status Report states that the Writ remains at issue as to Kearney, but not as to Seeger or Harris.

3

Case No. 8:09-CV-1841-T-17MAP

Bank of Tampa

The Writ of Garnishment remains at issue as to Kearney, Harris and Seeger
pending discovery; no exemption has been filed and no motion to dissolve was filed.
The Amended States Report states that the Writ is **not** at issue as to Kearney, Harris
and Seeger.

Wells Fargo

The Writ of Garnishment remains at issue as to Kearney, Harris and Seeger
pending discovery.  Harris filed an untimely of exemption.  Seeger and Kearney have
not filed Claims of Exemption.  The Amended Status Report states that the Writ is **not**
at issue as to Kearney, Harris and Seeger.

Platinum Bank

The Answer of Platinum Banks states it is indebted to Kearney, but not to Harris
or Seeger.  Discovery confirmed the indebtedness to Kearney but not to Harris and
Seeger.  The Amended Status Report states that the Writ remains at issue as to
Kearney, but **not** as to Harris and Seeger.

I. Standard of Review

After conducting a careful and complete review of the findings and
recommendations, a district judge may accept, reject or modify the magistrate judge's
report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d
732 (11th Cir.1982), cert. denied, 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964
(1983).  In the absence of specific objections, there is no requirement that a district
judge review factual findings de novo.  Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th

Case No. 8:09-CV-1841-T-17MAP

Cir. 1993).  However, a district judge must make a de novo determination of those

portions of the report and recommendation to which an objection is made. 28 U.S.C. §

636(b) (1)(c).  District judges must "give fresh consideration to those issues to which

specific objections have been made by a party." Jeffry S. by Ernest S. v. State Bd. Of

Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  The

district judge reviews legal conclusions de novo, even in the absence of an objection.

See Cooper Houston v. S. Rwy. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro

Bobadilla v. Reno, 826 F.Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116

(11th Cir. 1994).


II.  Discussion


A.   Sequence of Events


        As to Defendant Bing Kearney, Jr., the docket for this case includes the

following:


1.  USAmeribank Writ

| | |
|---|---|
| Dkt. 199 | Order granting issuance of Writ, filed 5/16/2013 |
| Dkt. 206 | Writ to USAmeribank returned executed, filed 5/20/2013, (Writ served on 5/17/2013) |
| Dkt. 211 | Certificate of Service filed 5/28/2013 (Writ, Motion, Notice) |
| Dkt. 212 | Answer of USAmeribank, filed 5/24/2013 |
| Dkt. 213 | Certificate of Service, filed 5/28/2013 (Answer, Notice) |
| Dkt. 218 | Claim of Exemption and Request for Hearing, filed 6/3/2013 |
| Dkt. 219 | Motion for Hearing on Claim of Exemption, filed 6/3/2013 |
| Dkt. 220 | Verified Reply to Claim of Exemptions, filed 6/4/2013 |
| Dkt. 255 | Motion to Dissolve of Bing Kearney, Jr., filed 6/18/2013 |
| Dkt. 266 | Affidavit - Bing Kearney, Jr., filed 7/3/2013 (056,3695, 0129, 302, 020, 7939 accounts) |
| Dkt. 267 | Affidavit - Tonya Kearney, filed 7/3/2013 (056, 3695, 0129 accounts) |
| Dkt. 268 | Affidavit - Justin Rowlson, filed 7/3/2013 |

Case No. 8:09-CV-1841-T-17MAP

| | |
|---|---|
| Dkt. 270 | Affidavit - Clayton Kearney, filed 7/3/2013 (302 and 020 accounts) |
| Dkt. 272 | Affidavit - Amber Proctor, filed 7/3/2013 |
| Dkt. 273 | Response to Motion to Dissolve, filed 7/3/2013 |
| Dkt. 300 | Supplemental Memorandum, filed 7/19/2013 |

2. Platinum Bank Writ

| | |
|---|---|
| Dkt. 241 | Order granting issuance of Writ, filed 6/11/2013 |
| Dkt. 246 | Writ to Platinum Bank returned executed, filed 6/12/2013 (Served 6/11/2013) |
| Dkt. 248 | Certificate of Service, filed 6/12/2013 (Motion, Writ, Notice) |
| Dkt. 249 | Answer of Platinum Bank, filed 6/14/2013 |
| Dkt. 252 | Certificate of Service, filed 6/17/2013 (Answer, Notice) |
| Dkt. 255 | Motion to Dissolve of Bing Kearney, Jr., filed 6/18/2013 |
| Dkt. 261 | Reply to Answer, filed 6/28/2013 |
| Dkt. 269 | Affidavit - Bing Kearney, Jr., filed 7/3/2013 (6601, 7920, 3201, 2401 accounts) |
| Dkt. 271 | Affidavit - Clayton Kearney, filed 7/3/201  (6601, 7920, 3201, 2401 accounts) |
| Dkt. 273 | Response to Motion to Dissolve, filed 7/3/2013 |
| Dkt. 281 | Amended Certificate of Service, filed on 7/5/2013 |

B. Notice Issues

Defendant Kearney moved to dissolve the writs because Plaintiff Regions did not comply with Florida's statutory procedure, Ch. 77, Florida Statutes. As to the USAmeribank Writ, Defendant Kearney argued that he was deprived of the service of the Notice to Defendants, which outlines the rights to exemptions from garnishment. Defendant Kearney denied receipt of the notice required by Ch. 77.041(2) as of the time the Answer of USAmeribank was filed (5/24/2014). Defendant Kearney argues that the Notice to Defendant was served late, and did not comply with Ch. 77.041(1), in that the categories for which a claim of exemption can be asserted have been updated from the previous limit of $500 to $750 or less in earnings. Defendant Kearney further denied that Defendant Kearney received a Notice that Defendant could move to dissolve the Writ. Defendant Kearney argued that his interest in protecting his assets

6

Case No. 8:09-CV-1841-T-17MAP

will be unconstitutionally deprived without dissolution of the writ and the requirement
that Plaintiff properly serve the writ according to the procedure required by the Florida
Statutes.

## 1. Region's Objections

Regions does not dispute that the mailing of the notice of the USAmeribank writ
and answer were not within the time periods set out in Ch. 77.041(2) and 77.055,
Florida Statutes.   Regions Bank argues that the legal effect accorded to Regions' delay
in complying with the notice requirements of Ch. 77.041(2) and 77.055, Florida
Statutes, in the Report and Recommendation is erroneous.   Regions characterizes the
legal conclusion of the assigned Magistrate Judge as "automatic dissolution" of the writ
for failure to comply with the procedural requirements of the Garnishment Statute.
Regions argues that automatic dissolution of a writ of garnishment is not supported by
the text of the Garnishment Statute and the clearly expressed intent of the Florida
legislature.

## a. Ch. 77.041(2), Florida Statutes

Ch. 77.041(2), Florida Statutes (Notice to individual defendant for claim of
exemption from garnishment; procedure for hearing) provides:

> (2) The plaintiff must mail, by first class, a copy of the writ of garnishment,
> a copy of the motion for writ of garnishment, and, if the defendant is an
> individual, the "Notice to Defendant" to the defendant's last known
> address within 5 business days after the writ is issued or 3 business days
> after the writ is served on the garnishee, whichever is later. However, if
> such documents are returned as undeliverable by the post office, or if the
> last known address is not discoverable after diligent search, the plaintiff
> must mail, by first class, the documents to the defendant at the
> defendant's place of employment. The plaintiff shall file in the proceeding
> a certificate of such service.

7

Case No. 8:09-CV-1841-T-17MAP

Pursuant to Fed. R. Civ. P. 69(a), in proceedings supplementary to and in aid of judgment or execution, the procedure followed must accord with the procedure of the state in which the Court is located.   The Court notes that, under Florida law, garnishment is a special statutory proceeding. BNP Paribas v. Wynne, 944 So.2d 1004, 1006 (Fla. 4th DCA 2005).  In a special statutory proceeding, "the form, content, procedure and time for pleadings in all special statutory proceedings shall be as prescribed by the statutes governing the proceedings unless [the Florida Rules of Civil Procedure] specifically provide to the contrary."  Rule 1.010, Fla. R.C.P.; Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573, 574 (Fla. 4th DCA 1980).

The procedures outlined in Ch. 77, Florida Statutes govern this garnishment proceeding.  Garnishment statutes must be strictly construed.  Robert C. Malt & Co. v. Colvin, 419 So.2d 745 (Fla. 4th DCA 1982)(acknowledging strict construction but looking to substance, not form, on facts of case); Florida Power & Light v. Crabtree Construction, Inc., 283 So.2d 570 (Fla. 4th DCA 1973)(permitting amendment to answer to garnishment, where justice so requires; reversing judgment against garnishee and remanding for further proceedings).    In another case involving garnishment under Florida law, Orix Financial Services v. Water and Sewer Utility Construction, Inc., et al., Case No. 3:06-CV-312-HES-MCR, (Dkt. 28, p. 7), the Court expressed that it would be better to decide the case on its merits rather than based on a technicality that did not affect either party.   In Orix, the defendants filed Affidavits of Exemption which indicated that defendants believed their accounts with Vystar Credit Union were exempt from garnishment because they were held as tenancies by the entireties, because monies in one of the accounts were received from Social Security, and because an account was established as a Trust Account.  The Court noted that the affidavits provided the information required by Ch. 77.041(1), F.S., but required the defendants to comply with the technical requirements of the statute by filing a Claim of Exemption.  (Case No. 3:06-CV-312-HES-MCR, Dkt. 21).  The plaintiff filed a response to the Answer of the garnishee, Vystar, stating objections to the defendants' exemptions.  (Dkt. 10).

8

Case No. 8:09-CV-1841-T-17MAP

Defendants requested entry of summary judgment because the plaintiff did not file a
written objection to the Claim of Exemption, and because plaintiff did not file a sworn
written statement that contests defendants' Claims of Exemptions in accordance with
Ch. 77.041(3), F.S. (Dkt. 25).   The Court chose to treat the defendants' affidavits of
exemption as their Claims for Exemption, and denied defendants' motion for summary
judgment, finding that the response to garnishee's Answer was a timely objection to
defendants' affidavits of exemption.   The Court denied the plaintiff's request that all
exemptions other than those asserted in the Claim of Exemption (Dkt. 22) be deemed
waived, noting that if the Court were to accept the plaintiff's arguments as to waiver, the
writ would be dissolved pursuant to Ch. 77.041(3), F.S., as the plaintiff did not file a
response to the Claim of Exemption.  As to the failure of interested third parties
(defendants' wives and Rodgers Revocable Trust) to file motions to dissolve pursuant
to Ch. 77.07, F.S., the Court found that defendants' motions to dissolve sufficiently put
the plaintiff on notice as to all parties having potential interests in the accounts. (Dkt.
28).  Defendants appealed the decision of the Court, which was affirmed by the
Eleventh Circuit Court of Appeals, Orix Financial Services, Inc. v. Water & Sewer Utility
Construction, Inc., 274 Fed. Appx. 773 (11th Cir. 2008)(unpublished).

The procedures outlined in Ch. 77.041 are designed to provide notice to a
defendant of the available statutory and constitutional exemptions, and to provide a
procedure to promptly obtain a hearing.  The Court notes the interplay of Ch. 222, Fla.
Stat., Method of Setting Apart Homestead and Exemptions, and Ch. 77, Fla. Stat.   Ch.
222.12, Fla Stat., Proceedings for Exemption, permitting the head of family exemption
to be asserted by affidavit, has now been repealed, effective July 1, 2013, leaving Ch.
77.041 the exclusive procedure for asserting exemptions from garnishment.

The USAmeribank Writ was served on 5/17/2013.  As of 5/20/2013, Defendant
Kearney had actual notice of the Writ. (Dkt. 220-1).  On 6/3/2013,  Defendant Kearney
filed Defendant's Claim of Exemption and request for hearing.  Defendant Kearney did

9

Case No. 8:09-CV-1841-T-17MAP

not assert any of the statutory or constitutional exemptions under Florida law on the Notice.   Defendant Kearney asserted only that the accounts were held as tenancy by the entireties.   Under Florida law, a judgment against one spouse is not enforceable against property owned by both spouses as tenants by the entireties.  Each spouse is "seized of the whole", and an attempted conveyance of one spouse's interest in a tenancy by the entireties is ineffective.  Florida law recognizes the common law immunity from suit as an exemption.  In re Buonopane, 359 B.R. 346, 347 (M.D. Fla. Jan. 262007)(citing Vaughn v. Mandis, 53 So.2d 704 (Fla. 1951) and Andrews v. Andrews 21 So.2d 205, 206 (1945)).

Defendant Kearney was not prejudiced by late mailing of the Ch. 77.041(2) Notice or any incorrect format.  Ch. 77.041(2), F.S., does not expressly require dissolution of the Writ.   This factual scenario is distinguishable from a factual scenario where the statute itself requires automatic dissolution of the writ; e.g. Ch. 77.041(3), F.S.,  directing automatic dissolution where a Claim of Exemption is filed, and is not answered within the time specified by the statute.

Defendant Kearney complains that Plaintiff deprived Defendant of his property without due process.   A claim for deprivation of property without due process under the Fourteenth Amendment is not one for violation of substantive due process; rather it is a claim for violation of procedural due process. Warren v. Crawford, 927 F.2d 559, 562 (11th Cir.1991) (citing Bd. Of Regents of State Colleges v. Roth, 408 U.S. 564,(1972)); cf. Silva v. Bieluch, 351 F.3d 1045, 1047 (11th Cir. 2003); McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) ( en banc).

In general, property rights are created by state law.  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  Fundamental rights are those rights created by the Constitution. DeKalb Stone, Inc. v. County of DeKalb, Ga., 106 F.3d 956, 959 n. 9 (11th Cir. 1997).  The Due Process clause of the Fourteenth Amendment to the U.S.

Case No. 8:09-CV-1841-T-17MAP

Constitution provides two different kinds of constitutional protections: substantive due process and procedural due process.   The substantive component of the Due Process clause protects rights that are fundamental.   McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994.)(executive deprivation of state-created right held not a substantive due process claim).   Procedural due process claims involve: 1) whether there is enough of a property interest at stake to be "protectable"; 2) the amount of process that should be due for that protectable right; and 3) the process actually provided, be it before or after the deprivation.   Greenbriar Village, L.L.C.  v. Mountain Brook, City, 345 F.3d 1258, 1263 (11th Cir. 2003).  In McKinney v. Pate, the Eleventh Circuit Court of Appeals notes that one distinction between substantive and procedural due process claims is that a substantive due process claim is complete when it occurs, and involves compensatory damages for the value of the deprived right, but a procedural due process claim is not complete unless and until the State fails to provide due process, and involves equitable remedies, i.e. curing the procedural deprivation by providing a later procedural remedy. McKinney at 1557-1558.  Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation, of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259 (1978). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006)

        In general, due process of law requires that a deprivation of property be preceded by notice and a hearing.  This case involves a post-judgment garnishment proceeding.  Florida's post-judgment garnishment procedures have been held to be constitutional.   Brown v. Liberty Loan Corp. of Duval, 539 F.2d 1355 (5th Cir. 1976). Defendants' interests in their money and financial accounts is a protected property interest.   Defendants and all interested parties are entitled to due process under Fourteenth Amendment standards i.e. proper notice and a full and fair opportunity to be

11

Case No. 8:09-CV-1841-T-17MAP

heard, to be determined on a case-by-case basis. "Proper notice" must be reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity them an opportunity to present their objections. The notice must convey the required information, and must afford a reasonable time for those interested to make their appearance. Unless due process is accorded to all parties, the Court could not enter a valid final judgment in this garnishment proceeding. See, e.g. Patino v. El Rey Del Chivito Corp., 2013 WL 6670428 (S.D. Fla. Dec. 18, 2013)(citing Cruise Control v. Tyler, 577 So.2d 709, 710 (Fla. 2d DCA 1991)(per curiam)). The statutory procedures for notice to a garnishee and interested parties appear calculated to afford proper notice. The Court also notes that Florida law recognizes a cause of action for wrongful garnishment. Procedural due process violations do not exist when adequate state remedies are available. In this case, the issue is whether the failure to comply with available state garnishment procedures results in the denial of due process. Due process is a flexible concept, tailored to the facts of the case to which it is applied; the denial of procedural due process can be cured by granting an equitable remedy. If there is a procedural due process violation in the factual scenario before the Court, allowing the opportunity to cure the alleged violation may be appropriate.

b. Sec. 77.055, Florida Statutes

Sec. 77.055, Florida Statutes (Service of garnishee's answer and notice of right to dissolve writ), provides:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these

12

Case No. 8:09-CV-1841-T-17MAP

> documents on the defendant at the defendant's last known address and
> any other address disclosed by the garnishee's answer and on any other
> person disclosed in the garnishee's answer to have any ownership
> interest in the deposit, account, or property controlled by the garnishee.
> The plaintiff shall file in the proceeding a certificate of such service.

USAmeribank's Answer was filed on 5/24/2013.  The Court notes that Plaintiff
Regions included the Notice pursuant to Ch. 77.055, F.S., to Defendant Kearney that
Defendant Kearney must move to dissolve the writ within twenty days after the date in
the certificate of service, only within the Certificate of Service, and attached a Ch.
77.041(1) Notice.  (Dkt. 213).  The Certificate of Service was provided to counsel for
Defendants Kearney, Harris and Seeger on 5/28/2013, not served on Defendant
Kearney at his last known address.  Defendant Kearney moved to dissolve on
6/18/2013.

Defendant Kearney timely moved to dissolve the USAmeribank Writ.  Defendant
Kearney was not prejudiced by Regions' noncompliance with Ch. 77.055, F.S.
Defendant Kearney is entitled to procedural due process; the Court, by requiring
compliance with statutory garnishment procedures as to notice and a hearing,    Unless
all parties to the final judgment of garnishment are accorded due process, the Court
could not enter a valid final judgment in this garnishment proceeding.  See, e.g. Patino
v. El Rey Del Chivito Corp., 2013 WL 6670428 (S.D. Fla. 12/18/2013)(citing Cruise
Control v. Tyler, 577 So.2d 709, 710 (Fla. 2d DCA 1991)(per curiam); T-Jett Enterprises
v. Ernest and Stewart, Inc., 543 So.2d 390 (Fla. 3d DCA 1989)(reversing and
remanding final judgment of garnishment due to presence of factual disputes and
noting noncompliance with F.S. 77.055 is sufficient basis for reversal).  The Court notes
that there is a dispute between Plaintiff Regions, Defendant Bing Kearney and
interested party Tonya Kearney as to the ownership of the 056 account, which is
addressed below.  There are other USAmeribank accounts and other interested parties
as to the additional accounts.  Clayton Kearney has filed an Affidavit in support of the

13

Case No. 8:09-CV-1841-T-17MAP

Motion to Dissolve, asserting that he is the owner of the funds in the 020 and 302 accounts. The Claim of Exemption, and Reply to Claim of Exemption show that there are disputed issues as to these accounts. The Affidavits of third parties Tonya Kearney and Clayton Kearney would require a trial as to the disputed claims pursuant to Sec. 77.16, F.S. Because of the recommendation to dissolve the Writs, the assigned Magistrate Judge did not address the ownership of the funds in the other accounts in the Report and Recommendation.

c. Notice to Co-Owners Not Disclosed in Answers

1. Region's Objections

Plaintiff Regions objects to the R & R to the extent that it finds that Plaintiff Regions acted in error by not providing notice to co-owners of bank accounts who were not disclosed in USAmeribank's Answer (Dkt. 212). Plaintiff Regions argues that F.S. 77.055 required Regions to serve notice documents on "any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee." Regions argues that it complied with the statute, that all of the other interest holders had actual notice of the garnishment and almost all of them filed affidavits to timely assert their interests, in accord with their statutory obligation. F.S. 77.16.

Plaintiff Regions argues that the R & R disregards the effect of USAmeribank's Answer, and erroneously looks to the letter of May 20, 2013 from Bing Kearney to Regions' counsel as additional notice that there were co-owners of the Kearney accounts. Regions further argues that the co-owners were on actual notice of the garnishment, and filed affidavits asserting an ownership interest, but did not file a motion to dissolve the writs, in accord with F.S. 77.07(2).

14

Case No. 8:09-CV-1841-T-17MAP

2. Discussion

The Court notes that, as to Defendant Kearney, Garnishee USAmeribank's Answer states:

> 1. At the time of this Answer and at the time of the service of the Writ of Garnishment, and at all times between such dates, Garnishee was and still is indebted to the Defendant,
>
> **Bing Charles W. Kearney, Jr., in the amount of $700,022.29**....
>
> 2. Garnishee did not have in its hands, possession or control, any goods, monies, chattels or effects of Defendant other than those set forth above in paragraph 1 at the time of the services of the Writ of Garnishment or at the time of this Answer or at any time between such periods, and does not know of any other persons indebted to the Defendant or who may have any of the effects of Defendants in its hands.....

(Dkt. 212).

In contrast, the Answer of Platinum Bank to the Writ of Garnishment reveals account numbers, co-owners of each account, and amounts in each account (Dkt. 249). In a letter dated May 20, 2013, Defendant Kearney advised Regions that the USAmeribank accounts were held as tenancy by the entireties (Dkt. 220-1). In response, on May 20, 2013, counsel for Regions attempted to set up a conference with counsel for Defendant Kearney and the Kearneys to obtain more information. (Dkt. 220-2). In filing of Defendant Kearney's Claim of Exemption (Dkt. 218), Defendant Kearney asserted that the USAmeribank accounts were held as tenancy by the entireties.   On May 21, 2013, Regions served discovery on USAmeribank to obtain information as to the Kearney accounts; in the Motion for Protective Order, USAmeribank states it did not receive the discovery documents until June 28, 2013 (Dkt. 246). Regions filed an Amended Certificate of Service to reflect service on