UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

      Plaintiffs,

v.                               CASE NO. 8:09-CV-1841-T-17MAP

LARRY S. HYMAN,
etc., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on the following pending motions:

| | |
|---|---|
| Dkt. 381 | Motion for Case Management Conference |
| Dkt. 385 | Motion for Leave to File Supplemental Complaint |
| Dkt. 389 | Response |
| Dkt. 399 | Motion for Bond to be Posted by Regions Bank to Secure Interest |
| Dkt. 403 | Response |
| Dkt. 424 | Motion for Charging Order on Partnership Interests |
| Dkt. 427 | Notice |
| Dkt. 438 | Supplemental Motion for Proceedings Supplementary, Specifically to Foreclose Judicial Liens, Implead Defendants, and for Declaratory Relief |

After the Final Judgment in favor of Plaintiff Regions Bank was entered in this case, Plaintiff Regions Bank commenced garnishment proceedings to collect its judgment. Writs of garnishment were served, to which Answers were filed. Defendants asserted claims of exemption and moved to dissolve the writs. The assigned Magistrate Judge conducted evidentiary hearings, and issued a Report and Recommendation. The Court ruled on the Report and Recommendation, denying the Motion to Dissolve Writs, and finding that USAmeribank Account 056 was not an account subject to exemption as held by the judgment debtor and his spouse as

Case No. 8:09-CV-1841-T-17MAP

tenants by the entirety. The Court found that the Answer to the Writ filed by USAmeribank was deficient, such that the Plaintiff's duty to provide notice to other account owners was not triggered. Re-service of the writ would require USAmeribank to file its Answer to the writ in compliance with Florida Statutes, and trigger Plaintiff's duty to provide proper notice to other owners in accordance with the Florida statutes. In the alternative, a waiver of such service could be filed. (Dkt. 464). The Court has further determined that Accounts 3695 and 0129 are not subject to exemption as held by the judgment debtor and his spouse as tenants by the entirety. Before entering a final judgment in garnishment as to each account, the Court must determine the ownership of the funds in each account. (Dkt. 467).

The Court notes that Plaintiff Regions Bank obtained discovery as to the accounts at issue before the evidentiary hearing in August, 2013 and that Plaintiff and Defendants submitted evidence for the Court's consideration in connection with the evidentiary hearing of August 20, 2013. The assigned Magistrate Judge directed supplemental briefing before the evidentiary hearing. (Dkts. 357, 358).

Dkt. 381   Motion for Case Management Conference

After consideration, the Court **denies** the Motion for Case Management Conference as moot.

Dkt. 385   Motion for Leave to File Supplemental Complaint

Plaintiff Regions Bank moves for leave to file a Supplemental Complaint addressing claims and events arising after the filing of the original Complaint. A Report and Recommendation was entered on October 18, 2013. The proposed Supplemental Complaint is based on a communication from counsel for Defendants after the Report and Recommendation was issued, but before the time to file objections expired, as to

Case No. 8:09-CV-1841-T-17MAP

the filing of a Complaint against Plaintiff Regions by Defendant Kearney and Mrs. Kearney for malicious prosecution and abuse of process relating the writ issued to US Ameribank, and to possible claims by Defendants Harris and Seeger for wrongful garnishment.

The Court has entered its Order on the Report and Recommendation, in which the Court rejected the legal findings of the Report and Recommendation. (Dkt. 464). The Court has denied the Motion to Dissolve writs of garnishment on accounts at USAmeribank, and Platinum Bank, and denied Defendant Kearney's Claim for Exemption. The Court agrees that a supplemental complaint is the appropriate vehicle to seek declaratory relief as to the actions of Plaintiff Regions in enforcing its judgment; however, at this point the Court's ruling can be challenged by motion and appeal and a separate declaratory judgment action is not necessary.

After consideration, the Court **denies** Plaintiff Regions' Motion for Leave to File Supplemental Complaint.

Dkt. 399   Motion for Order Requiring Posting of Bond by Regions Bank

Defendant Bing Kearney, Jr. moves the Court for an Order Compelling Plaintiff Regions Bank to post a cash bond reflecting the accrual of interest that could have been earned since the respective writs of garnishment were served on accounts at USAmeribank and Platinum Bank up to and including January 1, 2015 at the post-judgment interest rate of 4.75% per year.

Plaintiff Regions Bank argues that the only authority for posting bond in garnishment Sec. 77.031, Fla. Stat., requiring the filing of a bond when a writ of garnishment is sought before judgment. Since the writs of garnishment were sought post-judgment, that section of the garnishment statute does not apply. To the extent

3

Case No. 8:09-CV-1841-T-17MAP

that Defendant seeks to re-argue his contention that the funds are held in tenants by the entireties accounts, Plaintiff Regions moves to strike the allegations.

After consideration, the Court **denies** Defendant's Motion for an Order Requiring Bond.

Dkt. 424   Motion for Charging Order on Partnership Interests

No opposition to the Motion for Charging Order was filed.

Plaintiff Regions Bank seeks a charging order against the interests of Defendant Bing Charles W. Kearney, Jr. in certain partnerships:

> Plaintiff Regions Bank believes that Judgment Debtor is a partner with an interest in a partnership composed of Judgment Debtor, BK Trust Management I, LLC and Judgment Debtor jointly with his spouse, Tonya Kearney, known as BK Family Investment Partnership I, Ltd., shown by Judgment Debtor's 2013 Tax Return.
>
> Plaintiff Regions Bank believes that Judgment Debtor is a partner with an interest in a partnership composed of Judgment Debtor and BK Trust Management II, LLC, known as BK Family Investment Partnership II, Ltd., based on tax records.
>
> Plaintiff Regions Bank believes the Judgment Debtor is a partner with an interest n a partnership composed of the Judgment Debtor and BCWKJR, Inc., known as the CWK Family Partnership, Ltd., based on tax records.
>
> Plaintiff Regions Bank requests an Order granting this Motion, enter a charging

order substantially similar as that attached as Exh. A against the interest of the Judgment Debtor in BK Family Partnership I, BK Family Partnership II, and CWK Family Partnership, Ltd.

Case No. 8:09-CV-1841-T-17MAP

After consideration, the Court **grants** Plaintiff's Motion for Charging Order. A separate Charging Order will be entered.

Dkt. 438   Supplemental Motion for Proceedings Supplementary, Specifically, to Foreclose Judicial Liens, Implead Defendants and for Declaratory Relief

No opposition to Plaintiff's Supplemental Motion was filed.

A. Foreclosure

Plaintiff Regions Bank alleges that Defendant Bing Kearney owned fractional interests in three properties in Hillsborough County, Florida:

| Property | Interest |
|---|---|
| 863 Seddon Cove Way, Tampa, FL, 33602 | 50% interest with son Charles W. Kearney, III |
| 1173 Shipwatch Circle, Tampa, FL, 33602 | 50% interest with Clayton W. Kearney |
| 410 South Armenia Ave., Unit 926, Tampa, FL, 33609 | 50% interest with Carlie Kay Kearney |

Plaintiff Regions Bank argues that purported judgment creditor Pine Cone Management, LLC initiated foreclosure actions in Hillsborough County Circuit Court as to the above properties, based on a stipulated Final Judgment Against Bing Charles W. Kearney, Jr. In Case No. 10-14939, adjudicating an obligation of Judgment Debtor to Pine Cone Management, LLC as purchaser of an outstanding claim of Caterpillar Financial Services Corp. In the amount of $1,957,304.27. Plaintiff Regions alleges that Pine Cone Management, LLC is owned and controlled by an insider of the Judgment Debtor. Plaintiff Regions argues that the Pine Cone Foreclosure Judgments did not foreclose the lien of the Bank, as the Bank was not properly served in any of the Pine Cone Foreclosures.

Case No. 8:09-CV-1841-T-17MAP

B. Partnerships

    Plaintiff Regions Bank further alleges that Pine Cone Management, LLC has used the Pine Cone Judgments to block judgment collection efforts of the Bank as a legitimate creditor as it relates to Plaintiff's attempt to obtain a charging lien on the assets of three partnerships in which Judgment Debtor Kearney holds an individual interest: BK Family Partnership I, Ltd, BK Family Partnership II, Ltd., and CWK Family Partnership. In the Notice of State Court Entry of Charging Order (Dkt. 427), the Charging Order states it was stipulated to by Judgment Debtor. Plaintiff Regions argues that the activities of the Judgment Debtor upon receipt of Plaintiff's proposed Motion were a blatant attempt to allow a related insider creditor a first position on assets that might otherwise fully satisfy the Bank's Judgment.

    Plaintiff Regions has identified the following transfers:

| Date | Transfer |
|---|---|
| May 4, 2009 | Transfer of 50% interest in 809 Seddon Cove Dr., Tampa, FL to BK Family Partnership I |
| Nov. 25, 2009 | Sale of 809 Seddon Cove Property for $285,000 to Lance and Michele Ponton |
| May 4, 2009 | Transfer of 50% interest in 823 Seddon Cove Dr., Tampa, FL to BK Family Partnership I |
| September 3, 2013 | Sale of 823 Seddon Cove Dr. for $562,000 to Rodney and Theresa Dade |
| May 4, 2009 | Transfer of 50% interest in 807 Seddon Cove Dr., Tampa FL to BK Family Partnership I. |
| February 10, 2010 | Sale of 807 Seddon Cove Dr., Tampa, FL, for $335,000 to Patricia Schroeder |
| May 5, 2009 | Transfer of 33 1/3% interest in 9631 Wes Kearney Way to BK Family Partnership I. Plaintiff believes that 9631 Wes Kearney |

Case No. 8:09-CV-1841-T-17MAP

|  |  |
|---|---|
|  | Way is currently owned by BK Family Partnership I, KNJI, LLC and Barry Kearney |
| May 5, 2009 | Transfer of 25% interest in 7004 E. Adamo Dr., Tampa, FL to BK Family Partnership I. Plaintiff believes that 7004 E. Adamo Dr. Is currently owned by BK Family Partnership I, KNJI, LLC, CWK Family Partnership and Barry Kearney. |
| May 12, 2009 | Transfer of 33 1/3% interest in 2005 Camp Florida Dr., Brandon, FL |
| August 28, 2009 | BK Family Investment Partnership executed Quit Claim Deed of 2005 Camp property to Stephen D. and Shirley Hammond |
| May 12, 2009 | Transfer of 50% interest to 9625 Wes Kearney Way, Riverview FL to BK Family Partnership I. Plaintiff believes that 9625 Wes Kearney Way is currently owned by BK Family Partnership I and Bryan Kearney. |
| May 12, 2009 | Transfer of 33 1/3 % interest in Pasco Ranch Property to BK Family Partnership I. |
| September 30, 2009 | Sale of Pasco Ranch Property to D&D Ranch of Pasco, LLC for $1,350,000. |
| March 5, 2009 | Transfer of 100% interest in 1340 Gulf Blvd., #2G, Clearwater, FL to BK Family Partnership I. Plaintiff believes that BK Family Partnership I currently owns 100% of 1340 Gulf Blvd., #2G. |
| August 26, 2009 | Transfer of 50% interest in Apartment E-14 of Bayshore Trace Condominium to BK Family Partnership I. Plaintiff believes that BK Family Partnership I and Charles W. Kearney, III currently own Apt. E-14, Bayshore Trace. |

Plaintiff Regions Bank states that Judgment Debtor Kearney was served with initial process on October 12, 2009. The transfers of the Judgment Debtor's interests in the transferred properties to BK Family Partnership I fall within one year of the service of the Complaint on the Judgment Debtor. Therefore the burden is on the Judgment Debtor to show that such transfers were not made with the intent to hinder, delay or defraud creditors, pursuant to Sec. 56.29(5)(6), Fla. Stat.

Case No. 8:09-CV-1841-T-17MAP

Plaintiff Regions Bank seeks to implead Pine Cone Management, LLC, Clayton Kearney, Charles W. Kearney, III, and Carlie Kearney to proceed with actions as to the Pine Cone Foreclosures, including declaratory relief that Pine Cone is an insider and therefor its judgment position is invalid, and the Pine Cone Foreclosures do not foreclose the Bank's interest such that it may proceed with judicial lien foreclosures in order to reach the Judgment Debtor's interest in the properties.  Plaintiff Regions Bank asserts that Plaintiff's discovery in aid of execution does not include information on the Pine Cone Foreclosures or the Transferred Properties.

Upon the granting of this Motion, Plaintiff Regions Bank states it intends to file separate actions against the Judgment Debtor Bing Kearney, Jr., BK Family Partnership and Pine Cone Management, LLC, Clayton Kearney, Charles W. Kearney, III, and Carlie Kearney.  Plaintiff Regions seeks an Order granting this Motion, impleading BK Family Partnership I, Pine Cone Management, LLC, Clayton Kearney, Charles W. Kearney, III and Carlie Kearney, and directing Plaintiff to file the appropriate proceedings supplementary within thirty days.

After consideration, the Court **grants** Plaintiff's Supplemental Motion for Proceedings Supplementary.   BK Family Partnership I, Pine Cone Management, LLC, Clayton Kearney, Charles W. Kearney, III and Carlie Kearney are **impleaded** as parties.  Plaintiff **shall file** proceedings supplementary within thirty days.

Case No. 8:09-CV-1841-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record