UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

       Plaintiff,

v.                            CASE NO.  8:09-CV-1841-T-17MAP

LARRY S. HYMAN, etc.,
et al.,

       Defendants.

_____/


ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 263 | Amended Motion for Award of Attorney's Fees and Costs Against Defendants |
| Dkt. 315 | Response in Opposition |
| Dkt. 392 | Report and Recommendation |
| Dkt. 393 | Objections |


In the Report and Recommendation, the assigned Magistrate Judge recommends that the Amended Motion for Award of Attorney's Fees and Costs be denied as to the Guarantor Defendants, Bing Charles W. Kearney, Jr., Brian Seeger and Tracy J. Harris, Jr., and granted as to Assignee Larry S. Hyman, assignee for G3 Tampa, LLC.  The denial of the award of attorney's fees and costs is based on the terms of the Amended Guarantees (Pl. Exs. 19, 21, 25), which do not include authorization for  payment of attorney fees.  The liability of Assignee Larry S. Hyman is dictated by the terms of a note that authorized the collection of attorney's fees.

Case No. 8:09-CV-1841-T-17MAP

Plaintiff Regions Bank has filed Plaintiff's Objections to the Report and Recommendation as follows: 1) Plaintiff objects to the finding that the Consent and Reaffirmation of Guaranty and Amendment to Guarantee Agreement does not provide for recovery of attorney's fees and costs by Guarantors; 2) Plaintiff objects to the reduction of the total fee award by the courtesy discount given to the Bank, which was already deducted from the total fee award submitted in Plaintiff's Motion for Fees and Costs; 3) Plaintiff objects to the misunderstanding in the Report and Recommendation that fees for post-trial efforts included garnishment proceedings. Plaintiff Regions also objects to the denial of the award of costs based on procedural violations.   Plaintiff Regions is seeking the award of attorney's fees in the amount of $380,282.50 and costs in the amount of $40,972.48.

## I. Standard of Review

The Court reviews de novo the portions of a Report and Recommendation, or specified proposed findings or recommendations, to which objections are asserted. See 28 U.S.C. Sec. 636(1)(c).   The Court reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).   After a careful and complete review of the findings and recommendations, the Court may accept, reject or modify the Report and Recommendation of the Magistrate Judge.

## II. Discussion

## A. Objection  - Terms of Consent and Reaffirmation of Guarantor and Amendment to Guaranty Agreement

In the Report and Recommendation, the assigned Magistrate Judge recommended denial of attorney's fees to Guarantor Defendants, based on the Terms

2

Case No. 8:09-CV-1841-T-17MAP

of the Consent and Reaffirmation fo Guarantor and Amendment to Guaranty
Agreement.

The Consent and Reaffirmation and Amendment Agreements provide that each
Guarantor:

(1)  confirms, ratifies and reaffirms in all respects the Guaranty and
acknowledges that the Guaranty is in full force and effect;

......

(4)  acknowledges that (except as expressly modified by Section 6
hereinbelow) its liability under the Guaranty is not affected or diminished
in any manner by the terms of the Renewal Note and any other
documents executed in connection therewith (and hereby consents to the
terms of the Renewal Note) and that such liability includes, without
limitation, Borrower's obligations under the existing Loan, as modified and
renewed by the Renewal Note;

......

As to Guarantor Kearney:

(6)  Limitation on Guaranty.  The undersigned's obligations under this
Guaranty shall be limited to an amount not to exceed $3,407,620.35
("Limitation on Liability").  The Limitation on Liability of the undersigned
hereunder shall not impair the validity of the Loan Documents or
indebtedness and obligations evidenced and secured thereby or
guaranteed hereby......

As to Guarantors Seeger and Harris:

(6)  Limitation on Guaranty.  The undersigned's obligations under this
Guaranty shall be limited to an amount not to exceed $638,968.75
("Limitation on Liability").  The Limitation on Liability of the undersigned
hereunder shall not impair the validity of the Loan Documents or
indebtedness and obligations evidenced and secured thereby or
guaranteed hereby......

The terms of the Reaffirmation and Consent of Guarantor and Amendment to Guaranty

3

Case No. 8:09-CV-1841-T-17MAP

Agreement establish that the only modification to the Guaranty Agreement was to modify the liability of each Guarantor on the Obligation of G3 Tampa, LLC in accordance with each Guarantor's proportion of ownership in G3 Tampa, LLC.   This terms replaces the term in original Guaranty Agreement that each guarantor unconditionally guarantees all sums due under the Note and Loan Documents.  All other terms of the Guaranty remained the same.  The Reaffirmation and Consent of each Guarantor recognizes that, except for the express modification as to the proportional liability of each Guarantor, the Guaranty Agreement remains in full force and effect.   The Guaranty Agreement provides:

> The Guarantor further agrees to pay to the Lender any and all costs, expenses and reasonable attorney's fees paid or incurred by the Lender in collecting or endeavoring to collect the indebtedness of the Borrower or in enforcing or endeavoring to enforce this Guaranty.

(Dkt. 1-5, p. 3)

> This Guaranty shall be governed by, and construed in accordance with, the laws of the State of Florida and the United States of America without regard to conflicts of law principles.......The prevailing party in any action brought under or relating to this Agreement, the Note, or any Loan Document shall be entitled to recover its reasonable attorney's fees, paralegal's fees and costs of suit, including fees and costs on appeal and in bankruptcy proceedings.

(Dkt. 1-5, p. 4).

After consideration, the Court sustains the Objection of Plaintiff Regions Bank as to the recommendation denying the Amended Motion for Award of Attorney's Fees and Costs as to Guarantor Defendants Kearney, Seeger and Harris.

B.  Objection - Recommended Reduction

In the Amended Motion, Plaintiff Regions seeks the award of $385,577.00, which

4

Case No. 8:09-CV-1841-T-17MAP

includes a credit of $4,205.00 for the pre-trial conferences, and a preferred client credit of $49,465.84.

In the Report and Recommendation, the assigned Magistrate Judge found that the hours billed were reasonable but excluded the fees charged for preparing a fee petition ($5,294.50), preparing and attending the pre-trial conference ($4,205.00) and for "post-trial efforts."   Plaintiff Regions concedes that $5,294.50 is properly excluded.

For its post-trial efforts, Plaintiff Regions Bank identified 125.9 hours, with fees in the amount of $33,876.50.  The assigned Magistrate Judge understood this to include time expended on the garnishment proceedings, response to Guarantors' motion for amended or additional findings, and motion for new trial. (Dkts. 195, 196).  The assigned Magistrate Judge found that Plaintiff Regions could not have reasonably expended 125.9 hours.  The assigned Magistrate Judge substituted his own judgment and awarded $1,500.00 for Plaintiff's post-trial efforts.  This amount also subtracted the credit given to Plaintiff Regions as a preferred client in the amount of $49,465.84.  (Dkt. 392, p. 7).  The total recommended amount is $298,440.16. ($385,577.00 - $5,294.50 - $33,876.50 - $49,465.84 + $1,500.00).

1.  Reduction for Preferred Client Discount - $49,465.84

After consideration, the Court sustains the objection of Plaintiff Regions Bank as to the recommended amount of $298,440.16, which was reduced by the preferred client discount of $49,465.84, an amount which was already included in the amount of fees requested by Plaintiff Regions in the amount of $385,577.00.

2.  Reduction for Post Trial Efforts - $33,876.50

Plaintiff Regions states that the post-trial efforts through September, 2012

Case No. 8:09-CV-1841-T-17MAP

consist of drafting proposed findings of fact and conclusions of law, drafting a motion to strike trial testimony and related research, reviewing the transcripts from the five day trial, responding to Defendants' motion to strike testimony and related research, drafting a motion for judicial default, review of the Memorandum Opinion, and related correspondence with opposing counsel and client. Plaintiff Regions states that garnishment efforts did not commence until October, 2012, and involved only the initial motions for writs of garnishment. Plaintiff Regions states that the hours included in the amount requested in the Amended Motion did not include hours for post-trial efforts after September, 2012.

The Court has examined the docket for this case. Ordinarily, proposed findings of fact and conclusions of law are submitted before the pre-trial conference. In this case, the parties did submit their proposed findings of fact and conclusions of law. (Dkts. 124, 125). However, the Court also directed the parties to submit post-trial findings of fact and conclusions of law.

The trial was conducted from 7/9/2012 through 7/12/2012, with a final day on 7/17/2012. The trial transcript was filed on August 15, 2012. At the close of the trial, the Court authorized the parties to submit their proposed findings of fact and conclusions of law by August 17, 2012, (Dkt. 163, p. 226). The Court set a time to file motions to strike trial testimony, considering the filing of the trial transcript. Plaintiff and Defendants filed motions to strike trial testimony. The Court vividly recalls the amount of time the Court expended to render the Memorandum Opinion due to the fact-intensive nature of the issues raised.

Based on the Court's experience in this case, it does not surprise the Court that Plaintiff Regions expended 129.5 hours in preparing its post-trial proposed findings of fact and conclusions of law, motions and other related matters. The Court therefore sustains the Objection of Plaintiff Regions Bank as to the reduction of the requested

6

Case No. 8:09-CV-1841-T-17MAP

amount for "post-trial efforts."  ($33,876.50).

C.  Costs

Plaintiff Regions objects to the assertion that the failure to file a verified bill of costs with the Clerk is fatal to Plaintiff's request for costs.  Plaintiff Regions argues that the Court has the authority to award costs, despite a failure to comply with strict procedural requirements.

Plaintiff Regions filed its original Motion for Attorney's Fees and Costs on October 3, 2012, within fourteen days of the Judgment entered on September 28, 2012. After a hearing, Plaintiff Regions submitted its Amended Motion for Attorney's Fees and Costs, in which Plaintiff amended Plaintiff's request for costs to eliminate costs that were not compensable, and provided a breakdown of compensable costs in the amount of $42,042.08, covering 8/20/2099 through 9/30/2012.  Plaintiff Regions argues that costs requested were reasonably necessary for the underlying litigation, and meet the requirements of 28 U.S.C. Sec. 1920.  Plaintiff Regions now recognizes that a reduction of the costs requested under 28 U.S.C. Sec. 1920 is appropriate, as to $371.11 for postage and handling, $140.97 for conference calls/rooms, and $557.52 for telephone and facsimile.  Plaintiff Regions is therefore seeking the award of costs in the amount of $40,972.48.

The Court looks to Fed. R. Civ. P. 54 (d) and Local Rule 4.18 for the controlling procedural rules.  The Court notes that 28 U.S.C. Sec. 1920 provides that a bill of costs shall be filed.  The Court expects that a bill of costs will be filed as to eligible compensable costs within fourteen days of a final judgment.  The Clerk can tax the costs on fourteen days' notice.  Within seven days, a party challenging the costs taxed by the Clerk can seek review by filing a motion to review the Clerk's action.  Fed. R. Civ. P. 54(d)(1).  A motion for attorney's fees and **related nontaxable expenses** pursuant

7

Case No. 8:09-CV-1841-T-17MAP

to Rule 54(d)(2) must be filed within fourteen days after entry of a final judgment.

In this case, Plaintiff Regions Bank did not file a separate bill of costs, but included its request for the award of costs within Plaintiff's Motion for Attorney's Fees. In other cases, the Court has overlooked strict compliance with the Federal Rules of Civil Procedure, and awarded costs that were plainly reasonably necessary and compensable under 28 U.S.C. Sec. 1920.

After consideration, the Court directs Plaintiff Regions to follow the correct procedure in the future. A repeated failure to comply with procedural rules may result in the complete denial of a cost award in the future. The Court sustains Plaintiff's Objection to the Report and Recommendation, and grants the Motion to Award Costs in the amount of $40,972.48. Accordingly, it is

**ORDERED** that the Objections to the Report and Recommendation are **sustained**. The Court **grants** the Amended Motion for the Award of Attorney's Fees and Costs (Dkt. 263). Attorney's Fees in the amount of $380,282.50 and costs in the amount of $40,972.48 are granted in favor of Plaintiff Regions Bank and, jointly and severally, against Defendants Larry S. Hyman, assignee for G3 Tampa, LLC, Bing Charles W. Kearney, Jr., Brian Seeger, and Tracy J. Harris, Jr.

Case No. 8:09-CV-1841-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
_11_ day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

9