UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

          Plaintiff,

v.                                    CASE NO. 8:09-CV-1841-T-17MAP

LARRY S. HYMAN, etc.,
et al.,

          Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 470    Motion for Charging Order As To Kearney LLCS
Dkt. 472    Order
Dkt. 478    Objection and Motion for Reconsideration
Dkt. 518    Reply

Plaintiff Regions Bank, successor in interest to AmSouth Bank ("the Bank") moves for a charging order against the interest of Bing Charles W. Kearney, Jr. ("Kearney"), in BCWKJR Holdings, LLC ("BCWKJR"), MAPMS, LLC ("MAPMS"), Wes Kearney Way, LLC ("Wes Kearney Way"), Diadem, LLC ("Diadem"), Citrus 47 BK, LLC ("Citrus 47") , Galaxy Ventures, LLC ("Galaxy") and Madison Remainder, LLC ("Madison Remainder")(together the "Kearney LLCs"), pursuant to sec. 608.433(4), Florida Statutes, and Fed. R. Civ. P. 69.

I. Regions Bank's Motion

The Bank has an unsatisfied judgment in the amount of $3,407,620.35, entered on September 28, 2012, which accrues interest at the rate of 4.75% per annum from

Case No. 8:09-CV-1841-T-17MAP

September 28, 2012.

The Bank asserts, on information and belief, that Kearney is a member with an individual interest in the Kearney LLCs, based on Kearney's disclosures and Kearney's refusal to provide additional requested information, including operating agreements for the Kearney LLCs.

The Bank filed its Supplemental Motion for Proceedings Supplementary, Specifically, to Foreclose Judicial Liens, Implead Defendants, and for Declaratory Relief (Dkt. 438) on November 19, 2014. The Court granted the Bank's Motion (Dkt. 471).

On February 11, 2015, the Bank filed a fraudulent transfer action against Pine Cone Management, LLC and Kearney in Hillsborough County Circuit Court, Case No. 15-CA-001367.

The Court notes that the Judgment in favor of Pine Cone Management, LLC in Hillsborough County Circuit Court Case No. 8:10-CA-14939, Pine Cone Management, LLC v. Bing Charles W. Kearney, Jr., has been satisfied, and Pine Cone Management, LLC no longer has an interest in this case (Dkt. 505).

The Kearney LLCs are the subject of a "Postnuptial Agreement" requiring Kearney to transfer his individual interest to himself and his wife, Tonya Kearney ("Mrs. Kearney"), in the entireties. The Postnuptial Agreement is the subject of Case No. 8:13-CV-2627-T-27TBM. In that case, the Kearneys moved to dismiss the action because of the transfer of all the relevant assets, including the Kearney LLCs, back to ownership by Kearney individually.

The Bank argues the Bank has filed this Motion to protect its position in the Kearney LLCs. The Bank argues that the Bank's Judgment has been duly recorded,

Case No. 8:09-CV-1841-T-17MAP

and Regions Bank has properly perfected its judgment lien in a manner consistent with Florida law.

The Bank is seeking a charging order to reach Kearney's interest in the LLCs, creating a lien upon the judgment debtor's or his assignee's right to receive any distribution that the judgment debtor would have been entitled to receive to the extent of any judgment plus interest.

The Bank requests entry of an order granting this Motion, and issuance of a charging order against the interest of Kearney in the Kearney LLCs. The Bank asserts that discovery in aid of execution is ongoing and the Bank may move for further relief in the future.

II. Travelers' Objection and Request for Reconsideration and Hearing

Travelers Casualty and Surety Company of America ("Travelers") objects to Regions Bank's Motion for Charging Order, and requests that the Court reconsider its Charging Order granting a previous Motion for Charging Order (Dkt. 472).

On October 28, 2011, a joint and several judgment in the amount of $3,750,000.00 was entered in favor of Travelers and against Bing Charles W. Kearney, with other defendants, in Case No. 8:09-CV-1850-T-30TBM, Kearney Construction Co., LLC v. Travelers Casualty and Surety Co. of America. The Travelers Judgment remains unsatisfied. The Travelers Judgment was recorded with the Florida Division of Corporations on May 21, 2012, and Travelers obtained a judgment lien against Kearney's personal property.

Travelers argues that on March 10, 2015, the Kearneys moved to dismiss Case No. 8:13-CV-2627-T-27TBM, in that the Transferred LLCs, which were within the

Case No. 8:09-CV-1841-T-17MAP

possession of both Kearney and Mrs. Kearney, were transferred back to Kearney himself. On March 10, 2015, Regions filed a Motion for Charging Order as to the Kearney LLCs. Travelers states that the Court issued the Charging Order on March 10, 2015, further states that Regions was aware of the Travelers' lien against Kearney, but did not serve Travelers with the Motion (Dkt. 470).

Travelers emphasizes that the Transferred LLCs are single-member, and pursuant to Sec. 608.433, Fla. Stat., a charging order is not the exclusive remedy by which a judgment creditor may satisfy its judgment. Travelers argues the Court should look to Secs. 55.202 and 56.061, Fla. Stat., to determine priority.

Travelers argues that Regions should not be able to recover via charging order any amounts related to or distributed by the Transferred LLCs before Travelers, the superior judgment holder, collects first. Travelers requests that the Court modify or rescind the Charging Order (Dkt. 472) and deny the Motion for Charging Order as to the Kearney LLCs to the extent it seeks to improperly establish priority for Regions over Travelers.

III. Regions Bank's Reply

Regions Bank states that its Final Judgment of $3,407,620.35 is augmented by the Court's Order for an award of attorney's fees and costs of $421,254.98 (Dkt. 476), bringing the total amount to $3,828,875.33, exclusive of post-judgment interest.

Regions Bank concedes that Travelers has an interest in this action as the holder of a judgment against Kearney dated October 28, 2011. Regions Bank disputes that the Travelers Judgment has priority over the Collection Judgment in every way.

4

Case No. 8:09-CV-1841-T-17MAP

On March 16, 2015, Travelers filed a Motion to Compel Kearney to turn over the amounts as described in the Kearneys Motion to Dismiss, filed a motion for temporary restraining order, and motion for preliminary injunction as to $576,955.00 (the "Otherwise Exempt Proceeds"). The same "Otherwise Exempt Proceeds" are the subject of Regions Bank's Motion to Compel Turnover (Dkt. 500), to which Travelers has responded in objection (Dkt. 512), filed April 2, 2015. Travelers asserts that Travelers recorded its judgment prior in time and has been actively pursuing collection of the judgment against Kearney.

A. Travelers Re-recorded the Travelers Judgment on March 19, 2015; Defects in Judgment

1. Did Not Include Address, as Required by Statute

Regions Bank asserts that Regions Bank has been in direct communication with Travelers as to the fact that the Travelers Judgment did not contain all information required by Sec. 55.10, Fla. Stat., as it did not contain Travelers' address. Travelers re-recorded the Travelers Judgment on March 19, 2015.

2. Directed to Kearney Partnership Interests, not Kearney LLCs

Regions Bank further asserts that the prior Charging Order is directed to Kearney Partnership interests, and Travelers is seeking relief as to the Kearney LLCs. Regions Bank asserts that its interest in the Kearney Partnership Interests is superior to that of Travelers.

Regions Bank further asserts that Regions Bank has prosecuted the Fraudulent Transfer action, while Travelers now seeks the anticipated benefits of the Fraudulent Transfer action, the avoidability and recoverability of the Transferred Assets, even

5

Case No. 8:09-CV-1841-T-17MAP

though Travelers has not done anything to protect its interests until recently. Travelers did not seek a Charging Order until March 21, 2015 (Travelers Dkt. 504) and only after the Kearneys filed their Motion to Dismiss.

Regions Bank argues that, as between judgment creditors, Regions is senior because the first to apply for a charging order has priority for the full satisfaction of its judgment from the judgment debtor's interest. See Krauth v. First Continental Dev-Con, Inc., 351 So.2d 1106 (Fla. 4th DCA 1977)(creditors achieve priority in the sequence they apply for charging orders, and there is no pro rata apportionment of the partnership interest among creditors). Regions Bank argues this analysis applies to the Regions LLC Charging Order Motion.

Regions Bank argues that, as to partnerships, limited partnerships and non-single member limited liability companies, a charging order is the exclusive remedy of creditors; a creditor must apply for a charging order in order to gain the benefit of a charging lien. As to a single member limited liability company, a creditor must obtain a charging lien in most instances. Regions Bank alleges that the Kearney LLCs are not exclusively single-member entities, and that they are, as a whole, on information and belief, not single member limited liability companies.

Regions Bank argues that, regardless of when the Travelers Judgment was entered, Regions Bank has priority by virtue of its efforts as a diligent creditor in forcing Kearney's interest in the Kearney LLCs back into Kearney's individual name, where they became available for execution. Regions Bank argues that its efforts alone brought this about, and Region Bank's efforts, combined with its first-filed Charging Order Motion, entitle Regions Bank to priority over Travelers' belated attempts to benefit from Regions' efforts. See Salina Manufacturing Company v. Diner's Club, Inc., 382 So.2d 1309 (Fla. 3d DCA 1980); Lamchick, Glucksman & Johnston, P.A. v. City Nat'l Bank of Florida, 659 So.2d 1118 (Fla. 3d DCA 1995). Regions Bank argues that

6

Case No. 8:09-CV-1841-T-17MAP

nothing prevented Travelers from previously pursuing any of the Kearney Entities other than its own business decisions.

Regions Bank argues that the Fraudulent Transfer action, Case No. 8:13-CV-2767-T-27TBM, involves a set of limited liability interests in the Kearney LLCs. Regions Bank previously sought imposition of a charging lien on Kearney's interest in three partnerships, BK Family Investment Partnership I, Ltd., BK Family Investment Partnership II, Ltd., and CWK Family Partnership, Ltd. ("Kearney Partnerships"), one of which ("BK I") is the primary asset among the Transferred Assets that Regions is seeking to recover in the Fraudulent Transfer Action.

On March 10, 2015, the Court entered an Order granting Regions Bank's Motion for Charging Order on Partnership Interests (Dkt. 471), and separately entered a Charging Order on Partnership Interests (Dkt. 472). The Bank filed the Motion for Charging Order as to Kearney LLCs on March 10, 2015 (Dkt. 470), and later filed its Motion for Charging Order as to Additional Kearney LLCs (Dkt. 501), seeking a charging order on eleven other limited liability companies owned by Kearney. The Bank argues that the Bank's Motion for Charging Order was necessitated by the Motion to Dismiss for Lack of Subject Matter Jurisdiction that includes the assertion that the Kearneys intend to retransfer all of the Transferred Assets, including the Kearney LLCs, in a manner adverse to Regions Bank.

3. Statutory Limitations Deadlines

Regions Bank further argues that, pursuant to Sec 726.110(1), Fla. Stat., Travelers had four years from the date of execution of the Postnuptial Agreement to recover the Kearney LLCs, which expired on October 13, 2013. Travelers monitored Regions' progress, but did not intervene or sue in its own right. Regions Bank argues that Travelers knew or should have known of the Kearneys' UFTA liability within one

Case No. 8:09-CV-1841-T-17MAP

year after Regions filed the Fraudulent Transfer action, October 13, 2014.  Regions Bank argues that Travelers cannot piggyback on the efforts of Regions Bank, as if a third party beneficiary.

In summary, Regions Bank argues:

1. Krauth and LeFever confirm that Travelers' position is junior based on the date of the charging liens at issue;

2. Salinas and Lamchick make it clear that Travelers is not a diligent creditor;

3. Travelers cannot be rewarded for watching Regions Bank's prosecution of the Fraudulent Transfer action.

Regions Bank requests that the Court overrule Travelers' Objection.

IV. Discussion

The Court notes that Regions Bank, in seeking to collect its judgment, has pursued garnishment proceedings as to bank accounts, has sought charging orders as to personal property interests, and has commenced proceedings supplementary with impleaded third parties.

Regions Bank also filed a fraudulent transfer action against the Kearneys on October 10, 2013, Case No. 8:13-CV-2767-T-27TBM, based on assets transferred from Kearney to the Kearneys, pursuant to a Postnuptial Agreement dated October 13, 2009.  The Amended Complaint included the following causes of action: 1) Intentional Fraudulent Transfers; 2) Constructive Fraudulent Transfers; 3) Statutory Fraudulent Asset Conversion; 4) Common Law Conversion; 5) Unjust Enrichment and 6) Injunctive

Case No. 8:09-CV-1841-T-17MAP

Relief. On March 10, 2015, the Kearneys moved to dismiss for lack of jurisdiction and mootness, alleging that the transferred assets were retransferred to Kearney (Dkt. 158). The Motion to Dismiss was denied (Dkt. 169). Regions Bank has also pursued fraudulent transfer actions against Kearney in Hillsborough County Circuit Court.

Travelers obtained a judgment against Kearney, among other defendants, in Case No. 8:09-CV-1850-T-30TBM on October 28, 2011 (Dkt. 244). Travelers pursued garnishment proceedings during 2012 (Dkts. 245-270), and pursued additional garnishment proceedings from September, 2014 to April 10, 2015 (Dkt. 271-509) against Kearney and other Defendants. A Third Party Complaint in Execution of Judgment to Set Aside Fraudulent Transfer of Property and to Compel Alan Payne to Turn Over Funds (Dkt. 439) was filed on December 30, 2014 (later dismissed). Travelers has pursued supplementary proceedings and impleader against Kiwi Management Services (Dkt. 460), filed on January 8, 2015 (later dismissed). Travelers obtained a Temporary Restraining Order as to Alan Payne (Dkt. 442), which was later dissolved (Dkts. 475, 476) after Travelers and Payne entered into a Forbearance Agreement. On March 16, 2015, Travelers moved to compel Kearney to turn over funds to Travelers, alleging the funds were received by Kearney from a transfer of the value of property back to Kearney from Mrs. Kearney, in the amount of $576,995.00 (Dkt. 485). The Motion to Compel Turn Over is set for evidentiary hearing on May 28, 2015 (Dkt. 510).

Travelers did not intervene in the Fraudulent Transfer action, Case No. 8:13-CV-2767-T-30TBM.

A. Intervention

The Court notes that Regions Bank, as an "interested party," filed a response in opposition to Motion for Temporary Restraining Order, Motion for Preliminary Injunction,

Case No. 8:09-CV-1841-T-17MAP

and Motion to Compel Turnover of Funds in Case No. 8:09-CV-1850-T-30TBM (Dkt. 489). However, because Regions Bank was not a party to that case, and did not seek leave to intervene, the response of Regions Bank was stricken. (Dkt. 499).

Regions Bank concedes that Travelers is an "interested party" and has responded to the substance of Travelers' objections.

Travelers has not sought leave to intervene pursuant to Fed. R. Civ. P. 24, and is not a party. Travelers filed its Objection and Motion to assert that Travelers has priority over Regions Bank in collecting its judgment because Travelers obtained a Judicial Lien Certificate before Regions Bank.

Federal courts have permitted post-judgment intervention in circumstances where the petition was determined to be timely and there was no prejudice to the parties. See McDonald v. E.J. Lavino Co., 430 F.2d 1065 (5th Cir. 1970). Florida courts have permitted post-judgment intervention where the ends of justice so require, such as a claim that the movant's interest in the collateral would take priority over a judgment creditor's interest; see Lefkowitz v. Quality Labor Management, LLC, 2014 WL 5877850 (Fla. 5th DCA Nov. 14, 2014).

The Court will assume without determining that Travelers meets the requirements for intervention under Fed. R. Civ. P. 24.

B. Motion for Charging Order as to Kearney LLCs

A judgment creditor obtains a judgment lien on a judgment debtor's interest in all personal property throughout Florida subject to execution under Sec. 56.061 (other than fixtures, money, negotiable instruments, and mortgages) by filing a judgment lien certificate with the Florida Department of State. See Sec. 55.202(2), Fla. Stat. The

Case No. 8:09-CV-1841-T-17MAP

judgment lien is effective against existing attachable personal property as of the date of filing with the Department of State, and any non-exempt personal property in which the judgment debtor obtains an interest after the date of filing anywhere in the State of Florida.

Prior to October 1, 2001, priority of judgment liens on personal property was determined by the order in which writs of execution were received by the sheriff. Where the assets were not initially reachable by a judgment or writ of execution, Florida courts applied the "diligent creditor" rule as to personal property, granting priority to the diligent creditor who discovered the assets and brought them into equity, over all other creditors.

A charging order is a court-supervised substitute for the process of execution by the sheriff. Krauth v. First Continental Dev.-Con., 351 So.2d 1106 (Fla. 4th DCA 1977). The interest of a member in a limited liability company is personal property which is not subject to execution under Sec. 56.061, Fla. Stat. See Sec. 605.0503, Fla. Stat., which provides:

> (1) On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.
>
> ......
>
> (3) Except as provided in subsections (4) and (5), a charging order is the sole and exclusive remedy by which a judgment creditor of a member or a member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company.

11

Case No. 8:09-CV-1841-T-17MAP

> (4) In the case of a limited liability company that has only one member, if a judgment creditor of a member or a member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, a charging order is not the sole and exclusive remedy by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company, or the transferee of the sole member, and upon such showing the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale. A judgment creditor may make a showing to the court that distributions under a charging order will not satisfy the judgment within a reasonable time at any time after the entry of judgment and may do so at the same time that the judgment creditor applies for the entry of a charging order.

See also Sec. 608.433(4)(5)(6)(7), Fla. Stat.

A partner's interest in a partnership is personal property. See Sec. 620.8502, Fla. Stat. The only transferable interest in the partnership is the partner's share of profits and losses and the partner's right to receive distributions. The partner's interest is not subject to execution under Sec. 56.061, Fla. Stat. See Sec. 620.8504, Fla. Stat., which provides:

> (1) Upon application by a judgment creditor of a partner or a partner's transferee, a court having jurisdiction may charge the transferable interest of the judgment debtor to satisfy the judgment. The court may appoint a receiver of the share of distributions due or to become due to the judgment debtor in respect of the partnership and make all other orders, directions, accounts and inquiries the judgment debtor might have made or which the circumstances of the case require.
>
> (2) A charging order constitutes a lien on the judgment debtor's transferable interest in the partnership. The court may order a foreclosure of the interest subject to the charging order at any time. The purchaser at the foreclosure sale has the rights of a transferee.
>
> ......
>
> (5) This section provides the exclusive remedy by which a judgment creditor of a partner or a partner's transferee may satisfy a judgment out

Case No. 8:09-CV-1841-T-17MAP

of the judgment debtor's transferable interest in the partnership.

The Court understands that Travelers opposes the entry of a Charging Order as to the Kearney LLCs, based on Travelers prior judgment, and Judicial Lien Certificate. Travelers argues that, under Florida law, the Court should interpret Kearney's ownership interests in the Kearney LLCs as corporate stock. See Olmstead v. F.T.C., 44 So.3d 76, 80 (Fla. 2010)("An LLC is a type of corporate entity, and an ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of 'corporate stock.'"). The Florida Supreme Court contrasted the nonexclusive charging order provision of the LLC Act with the exclusive charging order provisions of the Florida Revised Uniform Partnership Act and Florida Revised Uniform Limited Partnership Act. In Olmstead, the Florida Supreme Court held that Sec. 608.433(4) does not displace the creditor's remedy available under Sec. 56.061 with respect to a debtor's ownership interest in a single-member LLC and a court may order a judgment debtor to surrender all right, title and interest in the debtor's single-member LLC to satisfy an outstanding judgment.

In response to Olmstead, supra, the Legislature amended Sec. 608.433, Fla. Stat. to clarify the exclusive remedies available to a judgment creditor as to a judgment debtor's interest in an LLC: a charging order, or a charging order followed by a foreclosure sale. See Young v. Levy, 140 So.3d 1109 (Fla. 4th DCA 2014)(allowing garnishment violated plain language of Sec. 608.433 (4)(b), Fla. Stat.) .

At this point, the Court does not know which LLCs are single member or multiple member entities. The plain language of the LLC statute limits the remedy available to either a charging order, or a charging order followed by a foreclosure sale. Based on the plain language of the LLC statute, Kearney's interest in the LLCs is not subject to execution i.e. seizure via a writ of execution, followed by an execution sale. Since an interest in an LLC or a limited partnership is not property which is subject to execution,

Case No. 8:09-CV-1841-T-17MAP

the Court concludes that Travelers' Judgment Lien Certificate does not establish priority as to Kearney's interest in the LLCs. Regions Bank's prosecution of the fraudulent transfer action brought about the alleged retransfer from multiple-member LLCs to single-member LLCs. The Court therefore overrules Travelers' Objection.

Regions Bank has established that it has an unsatisfied judgment, the Judgment has been recorded, and that Regions Bank has perfected its judgment lien. The Court therefore **grants** the Motion for Charging Order as to BCWKJR Holdings, LLC, MAPMS, LLC, Wes Kearney Way, LLC, Diadem, LLC, Citrus 47 BK, LLC, Galaxy Ventures, LLC and Madison Remainder, LLC. A separate Charging Order will be entered.

C. Motion for Reconsideration

The Court previously granted Regions Bank's Motion for Charging Order as to Partnership Interests (Dkt. 424), entering a Charging Order as to Kearney's Partnership Interests (Dkt. 472). Travelers' Objection to the Motion for Charging Order as to Kearney LLC's does not justify reconsideration of the Court's prior Charging Order, in that Travelers does not argue that Travelers moved for a Charging Order as to Kearney's Partnership Interests. Accordingly, it is

**ORDERED** that the Motion for Charging Order (Dkt. 470) as to Kearney LLCs is **granted**. A separate Charging Order will be entered. The Motion for Reconsideration is **denied**.

Case No. 8:09-CV-1841-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 27th day of April, 2015.

                    ELIZABETH A. KOVACHEVICH
                    United States District Judge

Copies to:
All parties and counsel of record