UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

       Plaintiff,

v.                                   CASE NO. 8:09-CV-1841-T-17MAP

LARRY S. HYMAN, etc.,
et al.,

       Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 521      Motion to Implead Additional Parties Pursuant
                 To Florida Statute Sec. 56.29, With Exhibits

Plaintiff Regions Bank seeks to implead seven additional parties that may have have an interest in the property that is the subject of Plaintiff's Complaint in Execution of Judgment to Foreclose Judicial Liens (Dkt. 522). The Complaint in Execution includes Count I, Foreclosure of Chase Property; Count II, Foreclosure of Clay Property, and Count III, Foreclosure of Carlie Property.

I. Background

Plaintiff Regions Bank has a Final Judgment in the amount of $3,407,620.35 against Defendant Kearney; the Court has further awarded attorney's fees and costs (Dkt. 476, so that the total Judgment Amount is $3,828,875.33, plus interest. Plaintiff Regions Bank has recorded the Judgment in the Official Records of Hillsborough County, Florida, on October 18, 2012, in Official Records Book 21438, Page 1750, and on March 16, 2015, in Official Records Book 23147, Page 275.

Case No. 8:09-CV-1841-T-17MAP

Plaintiff Regions Bank alleges that Defendant Kearney owns or owned fractional interests in three properties in Hillsborough County:

1. 863 Seddon Cove Way, Tampa, Florida, 33602 (the "Chase Property"), owned fifty percent with son Chase;

2. 1173 Shipwatch Circle, Tampa, Florida, 33602 (the "Clay Property"). owned fifty percent with son Clay; and

3. 410 South Armenia Avenue, Unit 926, Tampa, Florida, 33609 (the "Carlie Property"), owned fifty percent with daughter Carlie.

Pine Cone Management, LLC initiated foreclosure of the above properties in Hillsborough County Circuit Court (Case Nos. 13-CA-008619, 13-CA-008577, 13-CA-008606). Pine Cone Management, LLC purported to be a judgment creditor of the Judgment Debtor by virtue of the "Stipulated Pine Cone Judgment" entered on February 11, 2011 in Case No. 10-14939, Pine Cone Management, LLC v. Bing Charles W. Kearney, in the amount of $1,957,304.27.

Plaintiff Regions Bank has filed a separate action against Pine Cone Management, LLC pursuant to Chapter 726, <u>Florida Statutes</u>, Case No. 2015-CA-1367 ("Pine Cone Fraudulent Transfer Action").

On October 17, 2013, the Pine Cone Foreclosures each produced an agreed "Final Judgment of Foreclosure of Judgment Lien" for the respective properties. Plaintiff Regions Bank alleges that Regions Bank was not properly served in the Pine Cone Foreclosures, and a Clerk's default was not entered in two of the Pine Cone Foreclosures.

Plaintiff Regions Bank alleges that on December 15, 2013, the Carlie Property was sold by the Clerk of Court to Pine Cone as the winning bidder. On April 20, 2014, Pine Cone executed a "Quit Claim Deed" of the Carlie Property, transferring its interest

Case No. 8:09-CV-1841-T-17MAP

in the Carlie Property to Carlie.

Plaintiff Regions Bank further alleges that on December 10, 2014, the Chase Property was sold by the Clerk of Court to Pine Cone as the winning bidder. On January 9, 2015, Pine Cone executed a "Quit Claim Deed" of the Chase Property, transferring its interest in the Chase Property to Chase.

A foreclosure sale of the Clay Property was scheduled, but Pine Cone cancelled it. The Clay Property remains in the name Clay and Bing Kearney.

II. Discussion

Plaintiff Regions Bank conducted title searches on the Judicial Lien Foreclosure properties, which revealed the following additional parties that may have an interest n the Judicial Lien Foreclosure Properties:

a. Bryan Cantrell, Noreen Cantrell, Courtney Cantrell, General Warranty Deed from Carlie Kearney to the Cantrells; Official Records Book 22575, Page 774;

b. The Madison at Soho II Condominium Association;

c. Harbour Island Community Services Association, Inc.;

d. Seddon Cove Condominium Association, Inc.;

e. Harbour Homes at Harbour Island Neighborhood Association, Inc.

Plaintiff Regions Bank seeks leave to implead the above parties, pursuant to Fed. R. Civ. P. 69, and Sec. 56.29, <u>Florida</u> <u>Statutes</u>. Plaintiff Regions Bank alleges that it has an unsatisfied writ of execution, has provided an affidavit averring that the writ is valid and unsatisfied, and has identified the parties to be impleaded.

Case No. 8:09-CV-1841-T-17MAP

Plaintiff Regions Bank has established that impleading the additional parties is appropriate. Ortiz v. Santuli Corp., 2010 WL 1524494 (S.D. Fla. Apr. 15, 2010). The Court therefore grants Plaintiff's Motion to Implead Additional Parties Pursuant to Sec. 56.29, Florida Statutes. Accordingly, it is

**ORDERED** that the Motion to Implead Additional Parties Pursuant to Sec. 56.29, Florida Statutes, (Dkt. 521) is **granted**; and leave is **granted** to implead the following parties: Bryan Cantrell, Noreen Cantrell, Courtney Cantrell, the Madison at Soho II Condominium Association, Harbour Island Community Services Association, Inc., Seddon Cove Community Association, Inc., Harbour Homes at Harbour Island Neighborhood Association, Inc.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 27th day of April, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record