UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FTTB, LLC,

    Plaintiff,

v.                                       CASE NO. 8:09-CV-1841-T-17MAP

LARRY S. HYMAN, etc., et al.,

    Defendants

_____/

USAMERIBANK,

    Garnishee

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 484 | Answer to Re-Served Writ of Garnishment |
| Dkt. 492 | Notice |
| Dkt. 494 | Motion for Claim of Exemption and Request for Hearing |
| Dkt. 499 | Motion to Dissolve Writ of Garnishment |
| Dkt. 504 | Verified Reply to Claim of Exemption |
| Dkt. 553 | Order to Show Cause |
| Dkt. 554 | Response to Order to Show Cause |
| Dkt. 555 | Amended Motion for Attorney's Fees and to Recover Costs and Expenses |
| Dkt. 556 | Response to Order to Show Cause |

Defendant Bing Charles W. Kearney, Jr. moves to dissolve the Writ of Garnishment on four USAmeribank accounts, 7822, 3343, 6692 and 0223, accounts which are owned as tenants by the entireties, $105,282.57. The final judgment in this case is directed to Defendant Bing Charles W. Kearney, Jr. and not to Mrs. Kearney.

Case No. 8:09-CV-1841-T-17MAP

FTTB, LLC does not object to an order which grants Defendant Kearney's request to dissolve the Writ of Garnishment as to the above four accounts owned as tenants by the entireties. FTTB, LLC further argues that the amount held in the other Garnished Accounts, $700,022.29, is sufficient to protect USAmeribank's claim of costs and expenses.

USAmeribank does not object to the relief requested in the Motion to Dissolve, but requests that any Order granting the Motion to Dissolve permit USAmeribank to retain the requested amount of its attorney's fees and costs incurred ($44,457.80) from the Additional Funds pending the Court's ruling on Amended Motion for Fees.

The Stipulation and Motion for Final Summary Judgment in Garnishment (Dkt. 539) was directed only to the Platinum Bank writs of garnishment. The Motion for Final Judgment in Garnishment remains pending as to the USAmeribank writs (Dkt. 490).

An order which grants a motion to dissolve a writ of garnishment of funds which are exempt from garnishment is not a final judgment in garnishment. Pursuant to Sec. 77.28, <u>Florida Statutes,</u> on rendering a final judgment the Court is to determine the garnishee's costs and expenses, and tax the garnishee's costs and expenses as costs. Garnishee USAmeribank has not identified any authority which would authorize the Court to direct Garnishee to retain the requested amount of attorney's fees and costs from the Additional Funds which are exempt from garnishment. The Court therefore denies the request of USAmeribank to retain the amount of requested attorney's fees and costs from the funds in the four accounts which are exempt. Accordingly, it is

**ORDERED** that the Motion to Dissolve Writ of Garnishment (Dkt. 499) is **granted** as to USAmeribank accounts 7822, 3343, 6692 and 0223.

Case No. 8:09-CV-1841-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 15th day of May, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Garnishee USAmeribank