UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FTBB, LLC,

        Plaintiff,

v.                                  CASE NO.  8:09-CV-1841-T-17MAP

LARRY S. HYMAN, , assignee for
G3 Tampa, LLC, a Florida
limited liability company, et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 588      Unopposed Motion for Order Reinstating Stipulated
                 Motion for Final Judgment in Garnishment
                 *Nunc Pro Tunc* (FTBB, LLC)
Dkt. 589      Motion to Intervene (Travelers)
Dkt. 601      Order Granting Motion to Intervene
Dkt. 602      Response (Travelers)
Dkt. 603      Order Granting Unopposed Motion (Dkt. 588)
Dkt. 604      Motion for Reconsideration re Order on
                 Motion for Miscellaneous Relief, or,
                 Alternatively, Motion for Clarification (Travelers)
Dkt. 606      Response (FTBB, LLC)

Intervenor Travelers Casualty and Surety Company of America seeks
reconsideration or clarification of the Court's Order (Dkt. 603), which granted
Plaintiff FTBB, LLC's Unopposed Motion for Order Reinstating Stipulated Motion for
Final Judgment in Garnishment *Nunc Pro Tunc.*  Intervenor Travelers submits that
the Court should vacate the Order, void the purported assignment to FTBB, LLC
of Regions' lien position to the Interpled Funds, prohibit FTBB, LLC from asserting
a priority lien position, deny FTBB, LLC's Motion to Reinstate, and grant Travelers

a superior lien position to the Interpled Funds.  In the alternative, Intervenor Travelers requests that the Court clarify the Order to expressly state that it is not making any determination as to the priority of Travelers vs. FTBB, but is leaving that issue for the State Court to decide. (Dkt. 604).

A.    Background

On September 17, 2014, Trustee Larry S. Hyman was served with a Writ of Garnishment by Regions Bank in Case No. 13-CA-010851, Hillsborough County Circuit Court.  That case is styled "Regions Bank v. Larry S. Hyman, assignee for G3 Tampa, LLC, et al, a Florida limited liability company, Bing Charles W. Kearney, Jr., Brian Seeger, Tracy J. Harris, Jr. and Gregory Bennett."

On March 17, 2015, Trustee Larry S. Hyman was served with a Writ of Garnishment by Regions Bank in this case.

On March 31, 2015, Trustee Larry S. Hyman was served with a Writ of Garnishment by Travelers Casualty and Surety Company of America, in Case No. 8:09-CV-1850-T-30TBM.

Trustee Larry S. Hyman answered the three Writs of Garnishment, stating that he was indebted to Mr. Kearney and Mr. Seeger for the Administrative Claim, but the amount of the Administrative Claim to be awarded was not known at that time.  (Dkts.  602-18, 602-4, 517)

The Court's previous Order (Dkt. 603)  relates to FTBB, LLC's Stipulated Motion for Final Judgment in Garnishment (Dkt. 560) as to funds distributed pursuant to the Order of the Bankruptcy Court dated April 28, 2015 in Case No. 8:09-BK-11791-CED, which approved the Trustee's Motion to Approve Final Distributions and directed

the Trustee to file an Interpleader action to resolve the competing claims to the final distribution of $72,918.   Post-confirmation Trustee Larry S. Hyman  filed an Interpleader Case in Hillsborough County Circuit Court, Case No. 15-CA-004075 (Dkt. 602-7), and deposited the funds ($72,918.00) into the registry of the Court on June 15, 2015.   The Interpleader Complaint named Regions Bank, Travelers Casualty and Surety Company of America, Pine Cone Management, LLC, the Law Office of William Collins, P.A., Bing Charles W. Kearney, Jr. and Brian Seeger as Defendants.  FTBB, LLC was later substituted for Regions Bank as party Defendant in the Interpleader case.

On May 22, 2015, FTBB, LLC  filed a Stipulated Motion for Final Judgment in Garnishment as to those funds. (Dkt. 560).  The Court deferred ruling.  (Dkt. 563). FTBB, LLC then withdrew the Stipulated Motion for Final Judgment, stating "The Parties will re-file their Stipulated Motion for Final Judgment in Garnishment in the State Court Interpleader action."  (Dkt. 564).   On June 8, 2015, the Court stayed the Garnishment proceeding in this case as to the $72,918.00,  pending a final determination in Case 15-CA-004075.  (Dkt. 572).

On March 28, 2016, Travelers filed its Motion for Final Summary Judgment in Garnishment in the Interpleader case.

On May 25, 2016, FTBB, LLC filed its Unopposed Motion for Order Reinstating Stipulated Motion for Final Judgment in Garnishment *Nunc Pro Tunc* pursuant to Rule 60 and  the Court's inherent authority, because Travelers moved for summary judgment on its request for a Final Judgment in Garnishment in the Interpleader case. (Dkt. 588).

Travelers moved to intervene to respond to FTBB, LLC's Motion for Order Reinstating Stipulated Motion.  (Dkt. 589).  The Court granted the Motion.  (Dkt. 601).

FTBB, LLC opposes the Motion for Reconsideration or Clarification.

B.  Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion.  Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II.  Discussion

The Court treated FTTB, LLC's Motion as if the motion were unopposed, without considering Travelers' Response, and without a Rule 60(b) analysis.   However, the Court had granted intervention to Travelers to permit Travelers to file the  response in opposition.  For this reason alone, the Court **grants**  the Motion for Reconsideration, and **vacates** the prior Order.  (Dkt. 603).

4

A.  Standard of Review

To prevail on a motion under Rule 60(b), the movant must demonstrate a justification for relief so compelling that the district court would be required to grant the motion.  See Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996).  Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  Griffin v. Swim-Tech Corp., 772 F.2d 677, 680 (11th Cir. 19084)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). "The party seeking relief has the burden of showing that absent relief, an 'extreme' and 'unexpected' hardship will result."  Id. (quoting United States v. Swift & Co., 286 U.S. 106, 119 (1932)).  The Court may only consider relief under Rule 60(b)(6) if the case does not fall into any of the categories listed in Rule 60(b)(1)-(5).  United States v. Real Prop. & Residence Located at Route 1, Box 1111, Firetower Rd., Semmes, Mobile Cnty., Ala., 920 F.2d 788, 791 (11th Cir. 1991)(citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)).

B.  FTBB, LLC's Motion (Dkt. 588)

FTBB, LLC asserts that on May 8, 2015, Regions Bank and FTBB filed their Joint Motion to Substitute Party in the State Court Interpleader Case based on the Confidential Judgment Purchase and Sale Agreement and Assignment of Judgment entered into between FTBB and Regions Bank, whereby FTBB purchased the Regions Judgment and assumed Regions Bank's position in regard to the Regions Judgment.

FTBB, LLC further alleges:

21.    At that time, all parties agreed and stipulated that entitlement to the interpled Payment funds would be determined by the State court judge where the funds were held.  Thereby, no other court would adjudicate the issue of entitlement to the interpled Payment funds, and the parties would not return to the respective courts where the writs of garnishment had been filed. In other words, once determination was made by the State court judge, the funds would then be released by that court without further involvement of the federal courts.

FTBB, LLC further asserts that the State Court entered its Agreed Order of Interpleader, granting the Motion for Interpleader, directing the Plaintiff to deposit the $72,918.00 into the Registry of the Court, and directing the Defendants to answer the Interpleader Complaint and interplead among themselves their rights in the Interpled Funds within twenty days of the date of the Order (June 5, 2015).  (Dkt. 602-22).   On June 25, 2015, the State Court entered its Order on the Joint Motion for Substitution of Party, substituting FTBB for Regions Bank as Party Defendant.  FTBB and Travelers then filed their answers, defenses and claims to the interpled Payment funds.

In its Answer and Affirmative Defenses, Travelers asserts the following claims to the interpled funds (Dkt. 602-7):

1.    Travelers has a valid claim to the Interpled Funds based on its Judgment Lien Certificate and Writ of Garnishment

2.    Travelers has a priority right to the Interpled Funds

3.    Travelers' right to the Interpled Funds has priority over any claim by FTBB.

In this claim Travelers argues:

> "...FTBB, LLC cannot have any greater right to the Interpled Funds than Regions Bank.  Further, if the Court allows the substitution (the Motion has not been set for hearing to Travelers' knowledge), Travelers further also has priority over FTBB, LLC on the grounds that FTBB, LLC is [an] insider of Kearney formed and/or controlled by Kearney's son Clayton Kearney and allegedly acquired Regions' Judgment and rights over Kearney for the purpose or intent of delaying, hindering, or defrauding Travelers' ability to rightfully collect on its Judgment against Kearney.  Any alleged assignment is void pursuant to Section 56.29(6)(b), Florida Statutes and general equitable principles.  Therefore, FTBB's claim, if any, should be dismissed or subordinated or equitably subordinated to Travelers' claim.
>
> Travelers reserves the right to supplement and amend its claims if claims are filed by other defendants to respond to those claims
>
> WHEREFORE, after due proceedings Travelers prays that the Court issue Judgment awarding to Travelers the Interpled Funds, and grant to Travelers all other legal and equitable relief to which it may be entitled."

In its Motion for Summary Judgment, filed on March 28, 2016, Travelers asserted:

> 26.    On May 22, 2015, FTBB moved for stipulated final judgment in garnishment against Kearney and Hyman.  However, on May 26, 2015, FTBB withdrew the Stipulated Motion for Final Judgment in Garnishment as to the Regions Federal Court Writ. *See* FTBB's Notice of Withdrawal of Stipulated Motion for Final Judgment in Garnishment, attached as **Exhibit "Y".**  The Regions Court found that such Motion was administratively terminated by the Clerk of Court.  *See* the Regions Court's June 24, 2015 Order, attached as **Exhibit "Z"**.  FTBB has not subsequently moved for final judgment or moved to extend the Regions Federal Court Writ.  The Regions Federal Court Writ

> therefore automatically dissolved on September 16, 2015.

(Dkt. 588-1, p. 9).

FTBB, LLC argues that FTBB, LLC was surprised when Travelers asserted that FTBB no longer maintained a claim to the interpled Payment funds based on its withdrawal of the Stipulated Motion for Final Judgment in Garnishment when all parties have previously agreed and stipulated that entitlement to the funds would be determined by the State Court judge.

FTBB, LLC further argues:

29.   FTBB's position is that it was well known and understood and the intent of all parties that the competing claims to the Interpled Payment funds would be litigated and determined in the State Court.  It was for that reason, and that reason only, that after the State Court Interpleader Case was filed FTBB withdrew its Stipulated Motion for Final Judgment in Garnishment in this Court.

30.   Now, Travelers is seeking in the State Court to use FTBB's withdrawal of the Stipulated Motion for Final Judgment in Garnishment in this Court as a basis for defeating FTBB's priority claim to the interpled Payment funds.

FTBB, LLC asserts that FTBB, LLC filed its answer, affirmative defenses and claim to the interpled Payment funds on June 25, 2015.  FTBB, LLC argues that, given that there are no writs of garnishment filed and/or pending in the State Court Interpleader Case, FTBB, or any other party, could not file a motion for final judgment in garnishment in that case, and that it was the understanding and intent of the parties that the competing claims pending at the time the State Court Interpleader Case was filed would be litigated and determined

in that case. FTBB, LLC points out that at that time, FTBB, LLC had a timely writ of garnishment and motion for final judgment in garnishment filed and pending as to the Payment funds held by Post-Confirmation Trustee Larry S. Hyman.

FTBB, LLC argues that this case falls into the category of cases where the relief provided by Rule 60(b) is appropriate, and the reason for FTBB's withdrawal of the Stipulated Motion for Final Judgment is its good faith belief that its claim to the Interpled Payment funds is established , and will be litigated and determined by the State Court judge. FTBB LLC argues that Rule 60(b)(6) has been interpreted to authorize orders *nunc pro tunc*. See Schwartz v. Pattiz, 41 F.R.D. 456, 458 (E.D. Mo. 1967), aff'd, 386 F.2d 300, 303 (8th Cir. 1968).

The Court notes that FTBB, LLC was impleaded in the proceedings supplementary as to the USAmeribank accounts in Case No. 8:09-CV-1850-T-30CPT. The Court has reviewed the following documents filed in that case:

| | |
|---|---|
| Dkt. 711 | Report and Recommendation |
| Dkt. 719 | Order Adopting Report and Recommendation |
| Dkt. 749 | Report and Recommendation |
| Dkt. 756 | Order Adopting Report and Recommendation |
| Dkt. 828 | Report and Recommendation |
| Dkt. 831 | Order Adopting Report and Recommendation |
| Dkt. 833 | Judgment in favor of Travelers and against FTBB, LLC |
| Dkt. 837 | Notice of Appeal |
| Dkt. 859 | Order Granting FTBB, LLC's Motion for Stay of Proceedings to Enforce Judgment Pending Appeal |
| Dkt. 860 | Order Denying Renewed Motion to Recover Attorney's Fees and Costs without prejudice |
| Dkt. 862 | Order Denying Motion for Leave to File Amended Answer |
| Dkt. 864 | Order Denying Interested Parties' Requests for Release of Garnished Funds without prejudice |
| Dkt. 873 | Order Affirming the District Court (Dkts. 828, 831, 833) |
| Dkt. 883 | Mandate |
| Dkt. 865 | Report and Recommendation |
| Dkt. 872 | Order Adopting Report and Recommendation |

Dkt. 894      Report and Recommendation
Dkt. 908      Order Adopting Report and Recommendation
Dkt. 916      Order Denying Interested Parties' Motions for Reconsideration

At the outset, the Court notes that a Final Judgment was entered in favor of Travelers Casualty and Surety Company of America and against FTBB, LLC as to Count II of the Amended Complaint in Execution of Judgment against FTBB, LLC (Case No. 8:09-CV-1850-T-30CPT, Dkt. 591).   In Count II, Travelers asserted that the alleged assignment to FTBB, LLC should be set aside or disregarded as a fraudulent or collusive transaction or a sham.  The assigned Magistrate Judge conducted an evidentiary hearing and issued a Report and Recommendation, which the Court adopted.  (Dkts. 828, 831).

In the Report and Recommendation (Dkt. 828), the Magistrate Judge found:

1.      [The] Magistrate Judge finds by a preponderance of the evidence  that Mr. Kearney, with the counsel and assistance of James Reed, concocted and orchestrated a scheme as part of the Kearney's global settlement with Regions to block Travelers' (and perhaps other creditors) efforts to collect upon his personal property. More particularly, the evidence shows that Mr. Kearney designed and intended the purchase and assignment of the Regions judgment by Clayton Kearney's entities to place that judgment in the hands of a friendly creditor and thereby block Travelers from reaching Mr. Kearney's funds at USAmeribank.    R & R, p. 21.

2.      [The] Magistrate Judge further finds:
        "For the reasons set forth below, I conclude that the purchase and assignment of the Regions judgment was made with specific intent to hinder or delay creditors (particularly Travelers) from garnishing the USAmeribank funds and as a result those entities should be prevented from claiming priority to such funds.  Certain facts

suggest badges or indicia of fraud, which lead
me to this conclusion."  R & R, p. 21.

3.      Given the totality of the circumstances outlined
        above, I find that there is significant indicia of
        fraud to presume Mr. Kearney contrived or made
        the agreement with Regions for FTBB's purchase of
        the judgment with intent to hinder, delay, delay or
        defraud creditors.  On the whole of the evidence, FTBB
        fails to rebut the presumption."  R & R, p. 27.

        "Mr. Kearney did not simply transfer an asset to
        a family member to shield it from creditors.
        Rather, Mr. Kearney devised an elaborate scheme
        by which his son's company would purchase, among
        other things, a priority position to garnished funds and
        then convinced all of this other family members to consent
        to the garnishment to protect the assets from escaping
        family control.  This assignment of the priority lien position
        that FTBB acquired to the USAmeribank funds, followed by
        the Kearneys' consent to disbursement of the funds, is,
        in my view, the "transfer" actually at issue in this action."
        R & R, p. 27.

4.      [The] Magistrate Judge found that the transfer was "within
        the purview of Florida's proceedings supplementary and
        the UFTA. " R & R, p. 28.

5.      "In order to accomplish the transfer in a manner most
        favorable to himself, Mr. Kearney and  Mr. Reed had
        to enlist Clayton's aid in effectuating the transfer.  In
        this light, FTBB was not a bona fide purchaser for
        value without notice but rather a knowing and complicit
        participant or vehicle to shield Mr. Kearney's funds
        from Travelers and place them into FTBB's/Moose's
        Friendly hands where Mr. Kearney maintained
        effective control.  Such guile is the sort intended to be
        addressed by the proceedings supplementary statute
        and the UFTA."   R & R, p. 28.

6.      [The] Magistrate Judge found that Mr. Kearney contrived
        the scheme to hinder or delay creditors in achieving
        garnishment of the USAmeribank funds.  R & R, p. 29.

In the Order, the Court specified:

The purported assignment of Regions' priority lien position
to the USAmeribank garnished funds to FTBB, LLC is hereby VOIDED.

FTBB, LLC is prohibited from asserting a priority lien position to the
USAmeribank garnished funds in any pending collection action, including
this case and the Regions case (case number 8:09-CV-1841-T-17MAP).

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
as against FTBB, LLC is GRANTED a superior lien position to the
USAmeribank funds.

FTBB, LLC appealed the Court's Order adopting and approving the Report and Recommendation, and the Eleventh Circuit Court of Appeals affirmed the Order. (Dkts. 873, 883).

The Court further notes that in the Report and Recommendation (Dkt. 711) in Case No. 8:09-CV-1850-T-30CPT, the Magistrate Judge recommended that the District Judge find that the Regions' writ which was assumed by FTBB, LLC was not dissolved by operation of law, and Travelers' Motion for Summary Judgment as to the dissolution of the Regions/FTBB writ be denied. FTBB, LLC's Notice of Withdrawal (Dkt. 564) referenced two Motions for Final Judgment (Dkts. 560, 561). The Magistrate Judge explained that Clerk reopened the Motion for Final Judgment (Dkt. 561) as to the USAmeribank accounts on June 30, 2015, the garnishment proceedings were stayed, then the stay was extended until February 22, 2016, or a final resolution of the proceedings supplementary, whichever occurred first. The Court adopted and approved the Report and Recommendation. (Dkt. 719).

The Court has not ruled on whether the Regions' writ in Case No. 13-CA-010851 dissolved by operation of law in Case No. 8:09-CV-1841-T-17MAP or Case No. 8:09-CV-1850-T-30CPT.

Case No. 8:09-CV-1841-T-17MAP

In this case, on June 8, 2015, the Court denied Defendant Seeger's Motion for Claim of Exemption, denied Defendant Harris's Motion for Claim of Exemption and Request for Hearing as moot, and stayed the garnishment proceeding as to Trustee Larry S. Hyman pending a final determination in Case No. 15-CV-004075 in Hillsborough County Circuit Court, and directed Garnishor FTBB, LLC to notify the Court of the entry of a final judgment in that case within fourteen days of its entry. (Dkt. 572). The Clerk of Court administratively terminated the Stipulated Motion for Final Judgment in Garnishment on May 27, 2015, based on the Notice of Withdrawal. The parties who signed the Stipulated Motion were Frank Miranda, Esq., counsel for FTBB, LLC, Bing Charles W. Kearney, Jr., and Brian Seeger.

In Case No. 8:09-CV-1850-T-30CPT, on July 6, 2015, the Court stayed Third Party Defendant Kearney's Motion to Dissolve Writ of Garnishment (Dkt. 516), Third Party Defendant Bing Charles W. Kearney's Claim of Exemption and Request for Hearing (Dkt. 517), Travelers' Motion to Strike Kearney's Claim of Exemption and Request for Hearing (Dkt. 520) and the garnishment proceedings related to Trustee Larry Hyman, pending determination in Case No. 15-CA-004075 in Hillsborough County Circuit Court. The Court directed Travelers to notify the Court of entry of final judgment in that case within fourteen days of its entry. (Dkt. 539).

C.  Rule 60(b)(6)

Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). After consideration, the Court finds that FTBB, LLC has not

shown exceptional circumstances that justify the relief sought. The purpose of
the Interpleader case was to resolve the competing claims of Travelers and FTBB, LLC,
Regions' substitute, to the same funds. The garnishment proceedings as to the
interpled Payment funds were stayed in June, 2015 for an indefinite time. At the time
that FTBB, LLC withdrew its Stipulated Motion for Final Judgment in Garnishment,
FTBB, LLC's intent was to refile the Motion in the Interpleader case for resolution. It is
not clear to the Court what prevented FTBB, LLC from doing so.

FTBB, LLC's decision to purchase the Regions' Judgment in May, 2015, and to
assume Regions Bank's position as to the Regions' Judgment was a deliberate and
tactical course of action. While Rule 60(b)(6) should be construed to do substantial
justice, Rule 60(b)(6) is not intended to relieve a party from the free, calculated and
deliberate choices the party has made. A party remains under a duty to take legal
steps to protect his own interests. Once the State Court granted substitution, FTBB,
LLC could have refiled its Motion or requested an extension of the Writ.

After consideration, the Court **denies** the Motion for Order Reinstating
Stipulated Motion. The Court further **clarifies** that this Court stayed this case
as to the garnishment proceedings on the interpled Payment funds, pending
a final determination on the competing claims in the Interpleader Case. The Court is
not making any determination as to the priority of Travelers vs. FTBB, and is leaving
that issue for the State Court to decide. Accordingly, it is

**ORDERED** that Travelers' Motion for Reconsideration (Dkt. 604) is **granted**;
the Court **vacates** the prior Order (Dkt. 603). It is further

**ORDERED** that the Motion for Order Reinstating Stipulated Motion (Dkt. 588) is **denied**.  It is further

**ORDERED** that the Motion for Clarification (Dkt. 604) is **granted**.  The garnishment proceedings as to the interpled Payment funds **remain stayed**.  The Court is not making any determination as to the priority of Travelers vs. FTBB and is leaving that issue for the State Court to decide.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 29th day of March, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record